**Charles W. BAZALO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–660.

United States Court of Veterans Appeals.

March 11, 1997.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS and STEINBERG, Associate Judges.

### ORDER

PER CURIAM.

On November 20, 1996, counsel for the appellant filed a motion for reconsideration of the Court's August 16, 1996, opinion dismissing the application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Bazalo v. Brown*, 9 Vet.App. 304 (1996) (en banc). Counsel also filed a motion for leave to file the motion for reconsideration out of time.

The application for fees complied with neither the requirement of 28 U.S.C. § 2412(d)(1)(B) nor the Court's former Rule 39. As to the former, the appellant made no statement that his "net worth at the time the appeal was filed did not exceed $2 million" nor referenced the filing of a motion to waive filing fees under Rule 24 of the Court's Rules of Practice and Procedure. *Bazalo*, 9 Vet. App. at 309; *Owens v. Brown*, 10 Vet.App. 65 (1997). As to the latter, the appellant made no statement that "he is eligible to receive an award." U.S. Vet.App. R. 39(b)(1). His statement that he was "entitled to receive an award as shown by this Court's September 29, 1994, Order vacating the Board of Veterans' Appeals' (BVA) March 4, 1993, decision

in the matter and remanding the case to the BVA," was not related to the question of the appellant's net worth; rather, it was related to the Court's action in remanding the case to the BVA. The application was, therefore, jurisdictionally defective. It is

ORDERED that the motion for leave to file the motion for reconsideration out-of-time is granted. Upon consideration of the foregoing, the pleadings of the parties, and the record on appeal, it is further

ORDERED that the motion for reconsideration of the Court's August 16, 1996, opinion is DENIED.

STEINBERG, Judge, dissenting:

The appellant has presented a cogent and persuasive basis for this Court to reconsider its unfair and highly restrictive interpretation of the Equal Access to Justice Act (EAJA) and the retroactive revocation of Rule 39(b) of this Court's Rules of Practice and Procedure upon which this appellant and all others similarly situated were entitled to rely in presenting EAJA applications.

In my view, by stating that the appellant was "entitled" to an award of fees, the application in this case satisfied 28 U.S.C. § 2412(d)(1)(B) with respect to the appellant's pleading requirement as to his being a party eligible for an EAJA award. Evidence that an appellant's net worth did not exceed $2,000,000 at the time the action was filed should not need to be submitted until the government raises some objection to eligibility. *Cf. D'Amico v. Industrial Union of Marine and Shipbuilding Workers of America, AFL–CIO,* 630 F.Supp. 919, 922–23 (D.Md. 1986) (regarding affidavit of net worth submitted after eligibility under the EAJA challenged, court noted: "Dismissing an application because the applicant, although possibly eligible, did not submit an affidavit of net worth or number of employees until such eligibility was challenged would constitute a miserly interpretation of the language of the statute and would violate the announced legislative intent of the Act."). At such time, the applicant should be permitted to amend or supplement the EAJA application. *See FDIC v. Addison Airport of Texas, Inc.,* 733 F.Supp. 1121, 1125 (N.D.Tex.1990) (post-ap-

plication-period filing of detailed proof of claimed attorney fees held effective amendment to timely filed, although premature, EAJA application).

I agree with the appellant that the Court did not demonstrate in its opinion a material distinction in terms of EAJA compliance between his application and that of Mr. Burke, whose application the Court found in compliance with EAJA requirements. As to the Court's post-facto rationalization attempting to provide justification for its dismissal of Mr. Bazalo's EAJA application, the Court's now-revoked Rule 39(a) required only a statement of eligibility in the EAJA application; Rule 39(a) made no reference to the appellant's net worth. The Court's effort now to rewrite the rule illustrates again the unfairness of the erection of new application requirements and their use retroactively as the basis for denying the opportunity to obtain EAJA fees to appellants whose applications when filed were in compliance with the Court's own rules on EAJA applications.

For these reasons and those stated in my separate opinion in this case, I voted for en banc reconsideration. *See Bazalo v. Brown,* 9 Vet.App. 304, 312–19 (1996) (Steinberg, J., concurring in part and dissenting in part).