Opinion for the court filed by Circuit Judge RICH. Dissenting opinion filed by Circuit Judge SCHALL.
RICH, Circuit Judge.
Charles W. Bazalo (Bazalo) appeals from a dismissal by the United States Court of Veterans Appeals (Court of Veterans Appeals) for lack of subject matter jurisdiction over his application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1994). We reverse and remand.

Background

After remand of Bazalo’s complaint, on which his EAJA application is based, to the Board of Veterans’ Appeals, Bazalo filed a timely application for attorney fees and expenses under EAJA. The Secretary of Veterans Affairs (Secretary) filed a motion to dismiss Bazalo’s EAJA application for lack of subject matter jurisdiction, however, because he had not alleged that he was an eligible party or that his net worth did not exceed $2,000,000.
The pertinent section of the EAJA reads: A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses • which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
28 U.S.C. § 2412(d)(1)(B). A “party” is defined, in part, as “an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed_” 28 U.S.C. § 2412(d)(2)(B).
The Court of Veterans Appeals promulgated Rule 39 to set forth the requirements of an EAJA application under the Court’s Rules of Practice and Procedure. Rule 39 required that the applicant provide a statement that he is a prevailing party and is eligible to receive an award; that he identify the specific positions of the Secretary that were not substantially justified; and that he provide an itemized statement from his attorney as to each type of service rendered. See U.S. Vet.App. R. 39.
In construing the EAJA statute, the Court of Veterans Appeals held that the use of mandatory language such as “shall” and “must” in the EAJA statute and the necessity of strict construction of the United States’ waiver of sovereign immunity established that each of the following four requirements are jurisdictional and must be met within the thirty-day filing period:
(1) a showing that the appellant is a prevailing party;
(2) a showing that the appellant is eligible for an award;
(3) an allegation that the government’s position is not substantially justified; and
(4) an itemized statement of the fees sought.
The Court of Veterans Appeals found that a showing of eligibility could be made by stating in the EAJA application that the applicant’s net worth, at the time of filing the *1382 appeal, did not exceed $2,000,000 or by filing a reference to an in forma pauperis ruling. The Court of Veterans Appeals revoked Rule 39 in a separate order as superseded by this holding requiring a specific statement as to an applicant’s eligibility. Although Bazalo appeared to have met the requirements of Rule 39 then in effect, the Court of Veterans Appeals dismissed his EAJA application for lack of subject matter jurisdiction because it found that Bazalo did not show, within the thirty-day filing period, that he was an eligible party with a net worth that did not exceed $2,000,000 at the time the appeal was filed.

Discussion

The sole question presented here is whether a timely filed EAJA application may be supplemented after the expiration of the thirty-day filing requirement of § 2412(d)(1)(B) to meet an additional requirement of the section such as “eligibility” by establishing that the applicant’s net worth did not exceed $2,000,000 at the time of the filing of the civil action. We hold that such amendment may be made as long as no prejudice to the government results.
We review de novo the interpretation of statutory provisions by the Court of Veterans Appeals. Jones v. Brown, 41 F.3d 634, 637 (Fed.Cir.1994). To construe a statute, we begin by examining the language to determine the plain meaning of the words used by Congress. Id.
The EAJA is a waiver of sovereign immunity of the United States and must be strictly construed. Ardestani v. INS, 602 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). Once such sovereign immunity has been waived, however, we may not narrow such a waiver. Jones, 41 F.3d at 639 (quoting United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).
I.
Bazalo relies on the Supreme Court’s mandate that interpretive doubt about the meaning of language in a statute is to be resolved in the veteran’s favor, citing Brown v. Gardner, 513 U.S. 115, 117-18, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Based on this canon of construction, Bazalo asserts that the EAJA statute should be interpreted as requiring notice to the government that a veteran is seeking reasonable fees and expenses within the thirty-day time period, but allowing supplementation of thé application to show the additional requirements that the veteran is a prevailing party, that the veteran is eligible for an award, that the government’s position is not substantially justified, or that the fees sought are supported by an itemized statement. Bazalo relies on an abundance of cases from other circuits that have allowed such supplementation of a timely filed EAJA application that was deficient in a requirement of § 2412(d)(1)(B). See Thomas v. Peterson, 841 F.2d 332, 336 (9th Cir.1988) (allowing amendment to an EAJA application on remand to establish the applicant was an eligible party); Olenhouse v. Commodity Credit Corp., 922 F.Supp. 489, 491 (D.Kan. 1996) (allowing applicants to amend their EAJA application after the thirty-day filing period to establish compliance with the net worth requirement absent prejudice to the government); Federal Deposit Ins. Corp. v. Addison Airport of Texas, Inc., 733 F.Supp. 1121, 1125 (N.D.Tex.1990) (EAJA applicant allowed to amend the application after the thirty-day filing period); City of Brunswick v. United States, 661 F.Supp. 1431, 1439 (S.D.Ga.1987) (holding once an applicant has complied with the thirty-day filing requirement, he may provide additional information as set forth in § 2412(d)(1)(B) by supplemental filing), rev’d on other grounds, 849 F.2d 501 (11th Cir.1988), cert. denied, 489 U.S. 1053, 109 S.Ct. 1313, 103 L.Ed.2d 582 (1989). But see Federal Deposit Ins. Corp. v. Fleischer, No. 93-2062-JWL, 1996 WL 707030, at *4 (D.Kan. Oct.16, 1996) (EAJA application found insufficient for failure to file an itemized statement of fees incurred within thirty day filing requirement); United States v. Hopkins Dodge Sales, Inc., 707 F.Supp. 1078 (D.Minn.1989) (showing of eligibility held to be a jurisdictional requirement). Lastly, Bazalo argues that his EAJA application met the standard for a non-defective application as set forth by the Court of Veterans Appeals’ Rule 39 iii effect at the time of the filing of his EAJA application. The *1383 retroactive application of the Court of Veterans Appeals’ new standard, he asserts, is a violation of his due process rights.
The Secretary argues that the United States’ waiver of sovereign immunity must be strictly construed. Strict construction of the EAJA statute requires, the Secretary argues, that we construe the use of “shall” as establishing that a showing of eligible status for an EAJA award is not a mere notice requirement, but a jurisdictional one as the Court of Veterans Appeals held. The liberal construction requirement that ambiguity is to be resolved in favor of the veteran is not applicable, the Secretary argues, because the EAJA does not involve benefits to veterans, but applies to any party prevailing against the government.
II.
We have unequivocally held that the thirty-day time limit for filing an EAJA application after final disposition of an adversary adjudication is a jurisdictional prerequisite to. an award of attorney fees. J.M.T. Mach. Co. v. United States, 826 F.2d 1042, 1047 (Fed.Cir.1987). We have not addressed, however, whether any other requirement as set forth in the EAJA statute presents a jurisdictional prerequisite to an award of reasonable attorney fees and expenses. The United States Court of Appeals for the Third Circuit has squarely addressed the issue in Dunn v. United States, 775 F.2d 99 (3d Cir.1985).
Dunn filed an EAJA application which was dismissed by the district court for lack of subject matter jurisdiction because the application and accompanying affidavit did not mention a specific amount of fees requested, an itemized statement of the actual time expended, or the rates used to calculate the fees. Id. at 102. Subsequent to the thirty-day time period, however, Dunn submitted affidavits supplying the missing information. The Third Circuit reversed the district court and held that only the time for filing an EAJA application under § 2412(d)(1)(B) is a jurisdictional prerequisite, while deficiencies in the contents of the application under that section could be remedied by amendment, as long as the government was not-prejudiced by such amendment and the applicant complied with any orders for timely completion of the fee determination. Id. at 104.
The Third Circuit reasoned:
Requiring the filing of a fee claim (or any other) with the court or adjudicative agency serves the purpose of establishing a means certain for proving compliance with a time bar. Such certainty is required in most situations in the interest of finality and reliance. But once the claim is filed, whether or not it is as complete as it should be, the interests of proof of timeliness and of finality and reliance have been satisfied. What remains is the fleshing out 'of the details_

Id.

We agree with the Third Circuit that while the time limitation should be strictly met, the content of the EAJA application should be accorded some flexibility. Bazalo filed a timely EAJA application alleging that he was “a prevailing party and entitled to receive an award as shown by [the Court of Veterans Appeals’] September 29, 1994 Order. ...” In addition, Bazalo set forth the allegations as to why the United States’ position was not substantially justified and included an itemized statement of the fees sought. The only allegedly jurisdictional requirement that Bazalo did not meet is the eligibility requirement. The Court of Veterans Appeals interprets eligibility as requiring a showing that Bazalo’s net worth did not exceed $2,000,000 at the time the appeal was filed. This allegedly jurisdictional requirement is gleaned from the definition of “party” under § 2412(d)(2)(B).
We find that Bazalo’s statement that he is a prevailing “party” satisfies the eligibility requirement for jurisdictional purposes. By definition, a “party” under the EAJA statute is one with a net worth of less than $2,000,-000 at the time of filing of an appeal. Therefore, by making the statement that he was a “prevailing party” entitled to an award, Ba-zalo met the jurisdictional eligibility requirement.[1] Because he met the jurisdictional *1384 requirements of the EAJA statute, Bazalo could supplement his filing after the thirty-day time limitation to set forth a more explicit statement about his net worth.
The dissent asserts that our reading of the EAJA statute renders the eligibility requirement superfluous. We disagree. The statute requires that the party seeking fees show that he is eligible to receive an award under the statute. This requirement is not exclusive of the other requirements.
To be “eligible” under the EAJA statute, a party must meet the additional requirements enumerated such as showing that the party prevailed and alleging that the United States was not substantially justified in its position. The additional requirement of net worth asserted by the dissent as necessary to meet the jurisdictional threshold of the statute is not separately enumerated in the statute, but subsumed within the definition of “party.” Therefore, we have not rendered the eligibility requirement superfluous, but read it in the context of all of the requirements of the EAJA statute.

Conclusion

We hold that Bazalo’s application for attorney fees and expenses met the jurisdictional prerequisites of the EAJA statute. Therefore, the Court of Veterans Appeals had jurisdiction to hear his EAJA application.

REVERSED AND REMANDED.

. In making this determination, we need not address whether the canon of construction that *1384 interpretive doubt be resolved in favor of a veteran should be applied.