1998, decision of the Board of Veterans' Appeals that denied entitlement to an effective date earlier than September 20, 1994, for an award and payment of monthly disability benefits under the Total Disability Insurance Provision of the appellant's National Service Life Insurance (NSLI) policy. Record (R.) at 10. The appellant has filed a brief, the Secretary has filed a motion for affirmance by a single judge, and the appellant has filed an opposition thereto. The case was thereafter referred to this panel for consideration.

The Court notes that the provision, regarding monthly disability benefits, in the appellant's NSLI policy as amended effective on August 7, 1968 (R. at 87–89), is based on former 38 C.F.R. § 8.99(a)(D), which provided that "disability payments will be paid from the first day of the seventh consecutive month of continuous total disability, except that if the total disability is not due to one of the specific causes listed ... above, the disability income payments will not relate back to a date more than 6 months prior to receipt ... of the required proof". The Court further notes, however, the requirements of the applicable statutory provision, cited by the Board (R. at 4, 6), that "the Secretary shall ... include in any [NSLI] policy on the life of the insured (except a policy issued under section 620 of the National Service Life Insurance Act of 1940, or section 1922 of this title) provisions whereby an insured who is shown to have become totally disabled for a period of six consecutive months or more ... *shall* be paid monthly disability benefits from the first day of the seventh consecutive month of ... such total disability". 38 U.S.C. § 1915 (emphasis added). Neither party has addressed the question whether the disability-benefits provision in the appellant's NSLI policy is consistent with the statutory requirements in 38 U.S.C. § 1915, quoted above.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum addressing the above question and in-

**Raymond LEE, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–726.

United States Court of Appeals for Veterans Claims.

Aug. 24, 1999.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On April 20, 1998, the pro se appellant, veteran Raymond Lee, appealed a March 18,

cluding an appendix containing all of the terms and conditions ever in effect in connection with the appellant's NSLI policy. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file a memorandum in response.