# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1590

RANDALL C. SCARBOROUGH, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, HOLDAWAY, and GREENE, *Judges.*

## O R D E R

Before the Court is the appellant's application, through counsel, for attorney fees and expenses in the amount of $19,333.75, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed a motion to dismiss for lack of jurisdiction, and the appellant has filed a response to the Secretary's motion. For the reason that follows, the Court will dismiss the appellant's application.

In the underlying litigation, the appellant appealed a July 1998 decision of the Board of Veterans' Appeals (Board), which determined, inter alia, that a March 1976 regional office (RO) decision, which had denied entitlement to service connection for chronic renal failure on the basis that the condition preexisted service, contained no clear and unmistakable error (CUE). In a July 9, 1999, order, this Court vacated the decision and remanded the matter on the basis that both the 1976 RO decision and the Board decision failed to address the effect of the law existing at the time of the RO decision regarding the presumption of sound condition.

The appellant, through his counsel, submitted a premature EAJA application (App.) on August 19, 1999, which was filed on October 4, 1999, after entry of mandate in this case. In his application, the appellant stated that: (1) he was the prevailing party pursuant to the July 1999 remand order, (2) his net worth did not exceed the $2,000,000.00 limit for filing under the EAJA; (3) his attorney had represented him in the matter since August 1998; and (4) the attorney had incurred fees and expenses during his representation of the appellant, which were enumerated in an attachment to the application. App. at 1-2, Attachment. On December 3, 1999, the Secretary filed a motion to dismiss for lack of jurisdiction on the basis that the appellant failed to allege that VA's position lacked substantial justification. In response, on December 9, 1999, 112 days after submission of his application and 66 days after the filing of the application, the appellant filed an amendment to his EAJA application, in which he alleged that VA's position lacked substantial justification.

The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F), as amended by section 506 of the Federal Courts Administration Act of 1992, Pub. L. No. 102-572, § 506, 106 Stat. 4506, 4513 (1992). In order to be eligible for an EAJA award, the EAJA application must be filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). In addition, in order to satisfy jurisdictional requirements, the application must contain a showing that the applicant is a prevailing party, an assertion that the applicant is a party eligible for an award under the EAJA, and an allegation that the position of the Secretary was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A) and (B); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996) (en banc), *rev'd on other grounds sub nom. Bazalo v. West,* 150 F.3d 1380, 1384 (Fed. Cir. 1998). Although not a jurisdictional requirement, to be a party eligible for an EAJA award, an individual must show that his or her net worth did not exceed $2,000,000.00 at the time the civil action was filed. *See* 28 U.S.C. § 2412(d)(2)(B); *Bazalo*, 150 F.3d at 1383-84.

Contrary to the contention of the appellant, the United States Court of Appeals for the Federal Circuit (Federal Circuit) has not held that "the requirement to file [an EAJA application] within 30 days [is] clearly jurisdictional, but the other requirements of the statute [are] not." Appellant's Response (Resp.) at 1. As indicated above, this Court specifically held in *Bazalo v. Brown* that, inter alia, the requirement that an applicant must allege, within the requisite 30-day time period, that VA's actions lacked substantial justification is jurisdictional, and that an applicant may not amend a jurisdictionally defective application outside of that 30-day filing period. *See* 28 U.S.C. § 2412(d)(1)(B); *Bazalo*, 9 Vet.App. at 308-09. On appeal, the Federal Circuit left intact the holding of the Court on the substantial justification question, addressing solely the question whether a timely filed EAJA application may be supplemented after the expiration of the 30-day period for filing set forth in section 2412(d)(1)(B) to show eligibility by establishing that the applicant met the net worth requirement of section 2412(d)(2)(B). *See Bazalo v. West*, 150 F.3d at 1384 (holding, where application alleged position of VA lacked substantial justification and stated that applicant was "a prevailing party and entitled to receive an award," that application could be supplemented outside 30-day filing period to show that net worth requirement met if Government not prejudiced thereby). Indeed, the Federal Circuit implicitly upheld this Court's ruling that an allegation of substantial justification within the requisite 30-day period is jurisdictional when it stated that Mr. Bazalo, who had specifically alleged a lack of substantial justification in his original, timely, fee application, "met the jurisdictional requirements" of the EAJA statute. *Id.*; *see also Commissioner, INS v. Jean*, 496 U.S. 154, 160 (1990) (a "fee application must contain an allegation 'that the position of the United States was not substantially justified'"). Accordingly, the application filed by the appellant within the 30-day filing period, which contained no mention whatsoever regarding substantial justification, is jurisdictionally deficient. The amendment alleging a lack of substantial justification, filed well outside of the requisite 30-day period, cannot correct such a jurisdictional deficit, *see Bazalo v. Brown*, 9 Vet.App. at 308-09, and the Court therefore lacks jurisdiction over the appellant's EAJA application.

On consideration of the above, it is

ORDERED that the appellant's application for an award of attorney fees and expenses under the EAJA is DISMISSED for lack of jurisdiction.

DATED:      June 14, 2000                    PER CURIAM.