**Raymond LEE, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 98–726.**

United States Court of Appeals for Veterans Claims.

Dec. 12, 2000.

Raymond Lee, pro se.

Gary E. Connor, with whom Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; and Carolyn F. Washington, Deputy Assistant General, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, STEINBERG, and GREENE, Judges.

PER CURIAM:

Before this Court is the appellant's June 6, 2000, application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). For the reasons that follow, the Court will deny the EAJA application.

## I. Background

On April 20, 1998, the veteran appealed pro se a March 18, 1998, BVA decision denying a claim for an effective date earlier than September 20, 1994, for an award and payment of monthly disability benefits under the Total Disability Insurance Provision (TDIP) of his National Service Life

Insurance policy. Record (R.) at 10. The appellant filed a brief, the Secretary filed a motion for single-judge affirmance, and the appellant filed a response in opposition to the Secretary's motion. Thereafter, on August 24, 1999, the Court ordered supplemental briefing on the merits of the case. *Lee (Raymond) v. West*, 12 Vet.App. 545 (1999) (per curiam order). On March 14, 2000, the Court reversed the BVA decision on appeal and remanded the matter "for the assignment of an [earlier] effective date for payments under the TDIP in accordance with 38 U.S.C. § 1915 and th[at] opinion". *Lee (Raymond) v. West*, 13 Vet. App. 388, 397 (2000).

On April 4, 2000, the Clerk of the Court received a letter from the appellant that: (1) Asked the Clerk to "advise [the appellant of] the name or title of the March 14, 2000, document"; (2) asserted that he was "entitled to . . . expenses like copying cost and postage" and to "interest on [his] money"; (3) requested the "necessary application forms" for an EAJA-fees application; and (4) requested "[a]ttorney fees" because he had "put in hundreds of hours on [his own] case, and ha[d] rendered a service to all disabled veterans similarly situated", presumably in view of his having prevailed in a precedential Court opinion. March 31, 2000, Letter. On April 6, 2000, the Clerk of the Court replied to the appellant in a letter that responded to his questions and, in particular, answered his EAJA questions as follows:

> The Court has no prescribed form for an application [for EAJA fees]. . . . The Court requires strict compliance with the statute (28 U.S.C. § 2412). Note that any such application must be received within the statutory time limit, 30 days after this Court's judgment becomes final. That judgment will be rendered in accordance with Rule 36 [of this Court's Rules of Practice and Procedure (Rules) ], and-absent an appeal from this Court's decision-will become final 60 days later. Note, also, Rule 25's page limit on facsimile filings. Beyond that, you may wish to research the Court's case law on the subject.

On April 27, 2000, the Court received an application for EAJA fees and expenses in which the appellant states that he is an attorney, worked 300 hours on the case, and listed generally some of the work that he has done. Application at 1–3. The total fee request is for $22,500.00 (300 hours at $75.00 per hour) plus expenses of $61.00.

In the Secretary's May 12, 2000, response to the appellant's EAJA application, the Secretary asserts that the Court "does not have jurisdiction to award him [attorney] fees" because the appellant was "pro se". Response at 1. The Secretary also indicates that he does not contest the reasonableness of the request for $61.00 in expenses or contest "an award deemed reasonable by the Court [for such expenses], up to $61." Response at 2. On June 2, 2000, the Court received the appellant's reply to the Secretary's response; the appellant indicates that the EAJA does not contain "specific language prohibiting attorney fees to appellants pro se [sic]" who are also attorneys. Reply at 1.

The Court issued its mandate on June 6, 2000 (although the judgment became final on June 4, 60 days after the Court's April 4 issuance). On June 6, 2000, the Court filed the appellant's EAJA application, the Secretary's response to the EAJA application, and the appellant's reply to the Secretary's response. *See Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994) ("[a] premature filing is 'treated as if' it were later filed"). On June 15, 2000, the Court ordered the appellant to show cause, within 30 days, why the Court should not dismiss the EAJA application because the application

> did not contain the following content requirements: (1) A showing that, by virtue of the Court's remand, the appellant is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an alle-

gation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *Lee (Raymond)*, No. 98–726, 2000 WL 792319, at *1 (Vet.App. June 15, 2000) (single-judge order). Because July 16, 2000, was a Sunday, the appellant's response was due on July 17, 2000. *See* U.S.Vᴇᴛ.Aᴘᴘ.R. 26(a) ("In computing a period of time set by these rules, or by a Court order, or by a statute, the day of the event that begins the period is not included. The last day of the period is included, unless it is a ... Sunday...."). On July 19, 2000, the Court received out-of-time an explanation from the appellant as to the deficiencies in his application. He did not file a motion that his response be accepted for filing out-of-time or explain therein his reason for failing to comply with the Court's July 17 deadline.

## II. Analysis

 This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). In a recent precedent, the Court held explicitly that at least the substantial-justification-allegation requirement is a jurisdictional requirement to an EAJA application that must be filed "within the requisite 30–day time period" set forth in 28 U.S.C. § 2412(d)(1)(B). *Scarborough v. West*, 13 Vet.App. 530, 532 (2000) (per curiam order), *appeal docketed*, No. 00–7172 (Fed.Cir. Aug. 30, 2000). The Court stated:

> [T]his Court specifically held in *Bazalo v. Brown* that, inter alia, *the requirement that an applicant must allege, within the requisite 30–day time period, that VA's actions lacked substantial justification is jurisdictional, and that an applicant may not amend a jurisdictionally defective application outside of that 30–day filing period.* *See* 28 U.S.C. § 2412(d)(1)(B); *Bazalo*, 9 Vet.App. [304, 308–09 (1996), *en banc review denied*, 10 Vet.App. 154 (1997)]. On appeal, the [U.S. Court of Appeals for the Federal Circuit (Federal Cir-

cuit)] *left intact the holding of the Court on the substantial justification question* .... *See Bazalo v. West*, 150 F.3d [1380, 1384 (Fed.Cir.1998) ] (holding, where application alleged position of VA lacked substantial justification and stated that applicant was "a prevailing party and entitled to receive an award," that application could be supplemented outside 30–day filing period to show that net worth requirement met if Government not prejudiced thereby).

*Ibid.* (emphasis added).

Here, the appellant did not file within the 30–day EAJA filing period a document alleging that the Secretary's position was not substantially justified at either the administrative or litigation stage. Hence, the application must be dismissed for lack of jurisdiction pursuant to *Scarborough, supra.* In addition, the appellant's July 19, 2000, response to the Court's June 15, 2000, show-cause order, in which he did allege a lack of substantial justification, was not timely filed with the Court, and the appellant has not provided the Court with an explanation as to his failure to meet the deadline established by that order.

The appellant does, however, provide a general explanation for his failure to file within the 30–day EAJA filing period an application that met the requirement set forth in *Scarborough, supra.* He alleges the following: (1) He "made genuine efforts to determine what are the essential elements of an [EAJA] application" but did not receive adequate assistance from the Clerk of the Court; (2) he requested and "was denied" "application forms, boiler plates, and samples of applications" from the Clerk of the Court; and (3) he is "[i]nexperience[d] with veterans affairs", is elderly, and has "physical disabilities". Appellant's July 19, 2000, Response at 2, 3.

The Court notes that it has been unable to find any controlling precedent indicating whether the doctrine of equitable tolling can be applied to the 30–day EAJA filing

period. Assuming without deciding, however, that the doctrine of equitable tolling could be available with respect to the 30–day EAJA application period, the Court holds, for the following reasons, that the appellant's explanations could not serve to invoke the doctrine of equitable tolling in order to prevent the application of *Scarborough, supra,* to his EAJA application.

◼ As the Federal Circuit has explained, equitable tolling is available only in limited instances.

> *Irwin [v. Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), *reh'g denied sub nom. Irwin v. Dept. of Veterans Affairs,* 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991),] and other cases explain that equitable tolling is available under only certain conditions: (1)[W]here "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or [(2)] where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass … [, and (3)] unless Congress has expressed its intent to the contrary."

*Bailey (Harold) v. West,* 160 F.3d 1360, 1364 (Fed.Cir.1998) (en banc) (quoting *Irwin, supra* ).

◼ In this case, the facts do not suggest that the appellant's adversary—the Secretary—in any way induced or tricked him into missing the 30–day deadline. The appellant appears to allege that *the Court* was responsible for his missing the deadline because it failed to provide assistance to him after receiving his March 31, 2000, letter. However, even assuming that the Court had had an obligation to inform the appellant of the deadline applicable to the filing of his EAJA application, it cannot be said in this case that the Clerk of the Court engaged in any inducement or trickery. Rather, the Clerk informed the appellant of the 30–day deadline and suggested that he "research the Court's case law on the subject." April 6, 2000, Letter from Clerk of Court. *Cf. Sonicraft v. NLRB,* 814 F.2d 385 (7th Cir.1987) (suggesting that misleading advice given by court's staff attorney might be basis for equitable tolling). The Clerk also warned the appellant: "The Court requires strict compliance with the statute". April 6, 2000, Letter from Clerk of Court. Moreover, the Court's June 15, 2000, order, to which the appellant did not timely respond, clearly put him on notice of the requirement that he allege that the government's position was not substantially justified.

◼ The appellant's unsupported allegations of poor physical health (as opposed to mental illness) also do not support the application of equitable tolling. Equitable tolling may be applied to the benefit of a client when the client's attorney engages in serious neglect to the detriment of his client. *Cf. Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (equitable tolling does not apply to "garden variety claim of excusable neglect" such as where attorney was absent from office and failed to file timely response to notice filed by client's adversary). Had a client been unaware of an attorney's poor health, the Court *might* consider that as a factor in favor of the application of equitable tolling. In this case, however, the client and the attorney are one and the appellant was thus clearly in a position to know of his own limitations. Hence, the Court holds that the appellant's conduct in this case constitutes garden variety neglect and that, therefore, equitable tolling could not apply to this case, even if such doctrine could apply to the jurisdictional 30–day limitation set forth in *Scarborough, supra. See Irwin, Bailey (Harold),* all *supra; Leonard v. Gober,* 223 F.3d 1374, 1375–76 (Fed.Cir.2000) (citing *Irwin* and *Bailey (Harold),* both *supra* ); *Jones (Carlos) v. West,* 13 Vet.App. 129, 130 (1999) (per curiam order).

◼ In addition, although the appellant filed within the 30–day period an application that was defective under *Scarborough, supra,* to the extent that such

defective filing might serve as the basis for the application of equitable tolling, "courts are less likely to toll the limitations period when the filing is late and [the] 'claimant failed to exercise due diligence in preserving his legal rights'" because, as noted above, equitable tolling does not apply in cases of "garden variety neglect". *Bailey (Harold), supra* (quoting *Irwin, supra* ); *Leonard* and *Jones (Carlos),* both *supra.* The appellant suggests that he exercised due diligence given his health problems and inexperience with veterans law. The only example that he offers to support his claim of having exercised due diligence, however, is his single inquiry to the Clerk of the Court that prompted a clear warning from the Clerk that the Court insists on strict compliance with the EAJA statute. Further, notwithstanding the Clerk's suggestion that the appellant undertake additional research, the appellant indicated that he had performed only three hours of research related to EAJA in connection with his initial application. Itemized statement of hours attached as Exhibit C to Appellant's July 19, 2000, Response, at 4. It seems questionable whether three hours of legal research in an area in which the appellant is, by his own admission, inexperienced, could be considered due diligence. It was only *after* the Court's June 15, 2000, order that the appellant undertook what he describes as 15 hours of "study and research of 28 U.S.C. 2412", and, as noted above, thereafter he failed to file a timely response to that Court order and has not explained the basis for that failure. *Ibid.* Under these circumstances, even if equitable tolling were available in this case and the facts alleged by the appellant were sufficient to warrant its application, which they are not, the Court would be unlikely to find that the appellant exercised due diligence in connection with the initial preparation of and subsequent litigation regarding his EAJA application.

■ Similarly, we do not consider the appellant's lack of experience in this area of law to be a factor in considering whether to apply equitable tolling (if it were available), especially because he is an attorney and should have expended greater effort in order to become acquainted with EAJA law. Moreover, even if he were *not* an attorney, his pro se status would not be a valid equitable consideration because, by representing himself, the appellant proceeded at his own peril and was not exempt from either the Court's Rules, the Court's June 15, 2000, order to which he did not timely respond, or the statutory requirements of the EAJA. *See, e.g., Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991) (imposing sanctions on pro se nonattorney who was "not without some practical experience with the law" (internal quotation omitted)); *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1583 (Fed.Cir. 1991) ("it is particularly obvious that [the pro se appellant] should be held accountable for his conduct" because he "is an attorney" and is "chargeable with ... responsibility for knowledge of [the court's] rules"; "the fact that he is litigating on his own behalf cannot diminish his obligation to litigate responsibly"). Moreover, if he were not an attorney, there would be no question of his receiving attorney fees under the EAJA, although he could be eligible to receive reimbursement for expenses. *See March v. Brown,* 7 Vet.App. 163, 166–70 (1994) (holding that pro se nonattorney is not eligible for EAJA fees but may recover expenses).

## III. Conclusion

Because the doctrine of equitable tolling could not possibly avail the appellant in this case, even assuming that the Court could apply that doctrine to the 30–day EAJA filing period, the Court must dismiss the application for lack of jurisdiction. *See Scarborough, supra.* In view of the Court's lack of jurisdiction, we must also dismiss the appellant's unopposed request for $61.00 in expenses. In view of the above holding, we need not decide whether any set of circumstances would warrant the application of equitable tolling to the

EAJA application period. Upon consideration of the foregoing analysis and the pleadings of the parties, the Court dismisses the appellant's EAJA application.

APPLICATION DISMISSED.

STEINBERG, Judge, concurring:

I agree that this case is controlled by, and must be dismissed pursuant to, the Court's opinion in *Scarborough v. West,* 13 Vet.App. 530 (2000) (per curiam order), *appeal docketed sub. nom. Scarborough v. Gober,* No. 00–7172 (Fed.Cir. Aug. 30, 2000). *See Bethea v. Derwinski,* 2 Vet. App. 252, 254 (1992) (panel decisions constitute "binding precedent" unless overturned by en banc opinion of this Court or decision of Federal Circuit or Supreme Court).[1] I write separately because I disagree with *Scarborough.*

The *Scarborough* opinion was appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) prior to the Court's action on the appellant's June 21, 2000, motion for a full Court decision in that case, and, therefore, this Court did not have the opportunity to complete its review of the position taken by the panel in that case. *See In re R. Greg Bailey,* 11 Vet.App. 348, 349 (1998) (per curiam order) (filing of appeal to Federal Circuit divests this Court of jurisdiction). The Court in *Scarborough* took what I consider to have been a restrictive interpretation of the Federal Circuit's opinion in *Bazalo v. West,* 150 F.3d 1380 (Fed.Cir.1998)— namely stating that that opinion had "left intact" this Court's holding in *Bazalo v. Brown,* 9 Vet.App. 304, 308–09 (1996), *en banc review denied,* 10 Vet.App. 154 (1997), that "the requirement that an applicant must allege, within the requisite 30–day time period, that VA's actions lacked substantial justification is *jurisdictional,* and that an applicant may not amend a jurisdictionally defective application outside of that 30–day filing period." *Scar-*

*borough,* 13 Vet.App. at 532 (emphasis added).

In my view, the Court in *Scarborough* misinterpreted the Federal Circuit's *Bazalo v. West* opinion, and, for the reasons set forth below, I believe that that precedent should be interpreted so as to permit the filing of a supplement to a timely application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Permitting such supplementation of an otherwise timely EAJA application would enable the Court to exercise jurisdiction over the application at issue in the instant case. My reasons follow.

First, the Federal Circuit began its *Bazalo v. West* opinion by stating:

The sole question presented here is *whether a timely filed EAJA application may be supplemented after the expiration of the thirty-day filing requirement* of § 2412(d)(1)(B) to meet an additional requirement of the section *such as* "eligibility" by establishing that the applicant's net worth did not exceed $2,000,000 at the time of the filing of the civil action. We hold that such amendment may be made as long as no prejudice to the government results.

*Bazalo v. West,* 150 F.3d at 1382 (emphasis added). Next, the Federal Circuit noted that the appellant "assert[ed] that the EAJA statute should be interpreted as requiring notice to the government that a veteran is seeking reasonable fees and expenses within the thirty-day time period, but allowing supplementation of the application to show the additional requirements that the veteran is a prevailing party, that the veteran is eligible for an award, *that the government's position is not substantially justified,* or that the fees sought are supported by an itemized statement" and indicated that the appellant had provided citation to "an abundance of cases

---

1. Moreover, I also agree with the majority that the appellant failed to exercise due diligence in preparing his EAJA application.

from other circuits that have allowed *such supplementation* of a timely filed EAJA application that was deficient *in a requirement* of § 2412(d)(1)(B)." *Bazalo v. West,* 150 F.3d at 1382 (emphasis added) (citing four federal decisions that it characterized as permitting such supplementation). Therefore, the Federal Circuit presented the issues in the case as including whether *in general* to permit supplementation of a timely EAJA application, even if the facts of that case presented only the issue of supplementation as to the eligibility requirement.

In setting forth its rationale for its decision to vacate a decision of this Court (*Bazalo v. Brown, supra* ) that had denied an appellant the right to supplement his EAJA application after the 30–day EAJA period, the Federal Circuit recognized that the filing of an application within the 30–day time limit "is a jurisdictional prerequisite to an award of attorney fees" under the EAJA, but also indicated that it had "not addressed ... whether *any other* requirement as set forth in the EAJA statute presents a jurisdictional prerequisite to an award of reasonable attorney fees and expenses." *Id.* at 1383 (emphasis added). The Federal Circuit then expressly "agree[d] with" the opinion of the U.S. Court of Appeals for the Third Circuit in *Dunn v. United States,* 775 F.2d 99 (3d Cir.1985), which had allowed an EAJA applicant to supplement a deficient EAJA application after the 30–day period with information as to the specific amount of fees requested and an itemized-hours statement. *Bazalo v. West, supra.* Although the strict holding of *Bazalo v. West* deals only with the eligibility requirement, the Federal Circuit twice referred to the eligibility requirement as "allegedly jurisdictional", before finding that it had been met on the facts there, by the mere assertion of "prevailing party" status. *Ibid.* Hence, I read the Federal Circuit's endorsement of *Dunn* to have embraced a broader reading of *Dunn* than that applied by the Court in *Scarborough, supra.* The Federal Circuit stated: "We agree with the Third Circuit that while the time limitation should be strictly met, the *content of the EAJA application should be accorded some flexibility* ", *Bazalo v. West, supra* (emphasis added), but did not indicate that that flexibility should be limited only as to the eligibility requirement.

In the instant case, the appellant filed within the 30–day EAJA period an application that stated that he was a prevailing party and sought a specific amount of fees and expenses. What the appellant did not do within that 30–day period was allege that the government's position was not substantially justified. I cannot see any principled reason to distinguish, in the context of permitting the filing of a post 30–day supplement to an otherwise timely EAJA application, the requirement that an EAJA applicant allege that the government's position was not substantially justified, from the requirement that an applicant show that he is eligible for EAJA fees, nor did the Court offer any such reason in *Scarborough, supra.* In both situations the Secretary is put on notice that the appellant seeks EAJA fees and, absent a showing of prejudice to the Secretary's case, in both situations a supplemental filing should be permitted.

Thus, because I would take a broader and less restrictive view of the Federal Circuit's opinion in *Bazalo v. West,* I would have voted for a full Court decision in *Scarborough, supra,* had the appellant not have appealed the case to the Federal Circuit before the Court acted on his motion for a full Court decision. Because I am bound by *Scarborough,* I am forced to concur with the result in this case. *See Bethea, supra.*

IVERS, Judge, concurring in part and dissenting in part:

I concur in the result reached by the majority. However, I would have denied the veteran's application for EAJA fees outright on the basis that, even though the veteran is an attorney, he represented

himself in this case, and as such must be considered a pro se litigant and therefore ineligible for fees under EAJA. *See March v. Brown,* 7 Vet.App. 163 (1994) (holding that a non-attorney pro se litigant was not entitled to attorney fees under EAJA); *see also Kooritzky v. Herman,* 178 F.3d 1315 (1999) (holding that a pro se attorney could not recover attorney fees under EAJA); *cf. Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (holding that a pro se attorney litigant could not recover attorney fees under 42 U.S.C. § 1988). Thus, I must dissent from that portion of the opinion which considers the veteran's petition upon any other basis.