# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1590(E)

RANDALL C. SCARBOROUGH,                                    APPELLANT,

      V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before GREENE, *Chief Judge*, and IVERS,[1] STEINBERG, KASOLD, HAGEL,
MOORMAN, LANCE, DAVIS, and SCHOELEN, *Judges*.

## O R D E R

On August 5, 2005, in a panel opinion, the Court granted in part the appellant's application for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Pursuant to the Court's Internal Operating Procedures at ¶ V.b.5, a Judge requested full-Court consideration.

On consideration of the foregoing, and it appearing that there is no majority in favor of the request for full-Court consideration,  it is

ORDERED that full-Court consideration is DENIED.

DATED: August 25, 2005                          PER CURIAM.

KASOLD, *Judge*, dissenting:  I respectfully dissent from the Court's decision not to bring to en banc consideration the issue of whether significant EAJA fees may be awarded for the efforts undertaken by Mr. Scarborough's counsel to remedy that counsel's own negligence.  This is an issue that is being addressed for the first time by this Court, and it has the potential to impact every EAJA case.  The panel decision issued by the Court, *Scarborough v. Nicholson*, ___ Vet.App. ___, No. 98-1590(E), (Aug. 5, 2005), authorized almost $80,000 in EAJA fees for protracted litigation over the right of counsel to correct his own error.  Although the Court considered whether a special rate enhancement factor was applicable and whether the hours claimed were "spent in duplicative, unorganized, or otherwise unproductive efforts," *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996), it wholly failed to address one of the underlying tenets of EAJA: that "'[h]ours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

---

[1] Judge Ivers and Judge Steinberg participated in the vote prior to retiring.

The essential facts are clear and simple. Counsel for the veteran filed an EAJA application, but failed to allege a lack of "substantial justification" in the Secretary's position in the underlying case. This allegation was required to be included on the application by statute and our caselaw. *See* 28 U.S.C. § 2412(d); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996) (en banc), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998). When counsel attempted to correct his error after the statutorily required 30-day period for filing the EAJA application had passed, this Court determined he could not do so because the failure to include the "substantial justification" allegation was deemed a jurisdictional bar. *See Scarborough v. West*, 13 Vet. App. 530, 531 (2000). The Federal Circuit agreed. *See Scarborough v. Principi*, 273 F.3d 1087, 1089 (Fed. Cir. 2001). The U.S. Supreme Court remanded for consideration of a recently issued decision, *see Scarborough v. Principi*, 536 U.S. 920 (2002); *see also Edelman v. Lynchburg Coll.*, 535 U.S. 106 (2002), but the Federal Circuit again determined that the EAJA application was jurisdictionally defective and could not be corrected once the 30-day filing period had passed, *see Scarborough v. Principi*, 319 F.3d 1346 (Fed. Cir. 2003).

Ultimately, the Supreme Court determined that the required allegation was not a jurisdictional matter and that a timely filed but otherwise-defective application could be amended. *See Scarborough v. Principi*, 541 U.S. 401, 423 (2004). Significantly, however, the Supreme Court did not determine that counsel had not erred; it clearly noted the "omission" by counsel in drafting the application and compared it to the "failure" to verify an application. *Id.* at 418-19; *see also id.* at 406, 409 (describing the error to allege lack of "substantial justification" as a failure on the part of counsel).

After the Supreme Court issued its 2004 decision, counsel was permitted to amend his defective application for EAJA fees and file it with this Court. When he did so, however, he included in the amended request all of the costs associated with the extensive litigation necessary to permit correction of his own error – increasing his original EAJA request of approximately $20,000 to over $160,000.

Although this Court notes in its opinion that it has exercised its discretion in adjudicating the EAJA fee request, that discretion cannot be exercised properly without considering the applicable law. In this case, had the Court considered the *Hensley* edict that "'[h]ours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority,'" 461 U.S. at 434, it is difficult to fathom that the Court would have awarded fees for the litigation efforts undertaken to permit counsel to correct his own error. Even though the Supreme Court ultimately held that elements of the EAJA application were not jurisdictional and could be amended after the 30-day filing period, s*ee Scarborough*, 541 U.S. at 423, it is absolutely clear that, but for counsel's error, the litigation required to permit correction of that error would not have ensued.

A client would not be expected to pay for the efforts of counsel needed to correct his own error and neither should his opponent. *See Hensley*, *supra*; *see also* MODEL RULES OF PROF. CONDUCT R. 1.5 (lawyer cannot charge "an unreasonable fee or an unreasonable amount for expenses"). To permit otherwise would create a windfall for an attorney to place the legal expenses

associated with his own negligence upon his adversary. This should not be permitted and I note that in other circuits, courts have rejected counsels' requests to impose upon opposing parties the costs incurred to correct counsels' own errors. *See Gierlinger v. Gleason*, 160 F.3d 882 (2d Cir. 1998) (finding "no inequity in requiring counsel to bear the cost of delay caused by him or by his client" (construing 42 U.S.C. § 1988 fee statute)); *see also Rodriguez v. Bowen*, 865 F.2d 747 (6th Cir. 1989) ("If a lawyer has taken an improper route or turn, he should not benefit from time spent finding his way." (construing 42 U.S.C. § 406 fee statute)). The error in this case was indeed avoidable, and counsel should not be permitted to impose the costs associated with correcting that error on the Secretary.

Moreover, in this case, the litigation to correct the error was not simply a result of opposition by the Secretary; rather, it was required because the Court determined it did not have the authority – the jurisdiction – to permit the correction. *Scarborough*, 13 Vet.App. at 532. That position, although ultimately overturned, was not an error of the Secretary, as jurisdiction over a matter is an issue the Court is duty bound to address and ensure. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.'" (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 452 (1900))); *Smith v. Brown*, 10 Vet.App. 330, 332 (1997) ("'It is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case before adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, sua sponte or by any party at any stage in the proceedings, and, once apparent, must be adjudicated.'" (quoting *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996))); *Stokes v. Derwinski*, 1 Vet.App. 201, 203-04 (1991) (holding that Court has authority to find facts "crucial to the proper determination of whether [the] Court has jurisdiction"). Ultimately, had counsel for the veteran simply complied with the statute and caselaw, the protracted litigation required to correct his error would not have been needed.

Finally, I note that our underlying panel decision suggests, inter alia, that the Secretary could have argued that his objection to the application for attorney fees and expenses was "substantially justified," implying that this might have impacted the ultimate award. However, the Supreme Court has already determined that the "substantial justification" defense to an EAJA fee request involves one threshold determination that a prevailing party is eligible for attorney fees because of the governmental misconduct that gave rise to the initial litigation. *Comm'r v. Jean*, 496 U.S. 154, 159, 166 (1990). The issue before the Court was not whether EAJA fees were warranted; they were. The issue was whether the EAJA fees to be awarded should cover the time expended to correct the error of appellant's counsel. The Secretary opposed the fee request, inter alia, to the extent it sought to recover fees for litigation required to correct counsel's own error, and I respectfully believe the Court should have addressed that issue in the context of the *Hensley* edict and denied the fee request to the extent it included the costs of litigation necessitated by counsel's own omission.