NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRADLEY J. DONAGHUE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2368

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-496, Judge Joseph L. Falvey, Jr.

---

Decided:  February 15, 2023

---

MEGAN EILEEN HOFFMAN, Veterans Legal Advocacy Group, Arlington, VA, for claimant-appellant.  Also represented by HAROLD HAMILTON HOFFMAN, III.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before CHEN, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM

Bradley Donaghue appeals the final decision of the United States Court of Appeals for Veterans Claims denying his claim for service connection for an acquired psychiatric disorder. Because Mr. Donaghue fails to raise arguments within the jurisdiction of our court, we dismiss for lack of jurisdiction.

I

Mr. Donaghue served in the Air Force from August 1995 to February 2000. While deployed, Mr. Donaghue stood an eighth of a mile away from a terrorist bombing in Saudi Arabia and was knocked unconscious after hitting his head on the tail cone of an F-16. He was evacuated to Isa Air Base in a civilian car. After the incident, Mr. Donaghue experienced anxiety when driving and periodic nightmares. He also reported becoming emotional when watching or listening to military-related content.

He first sought behavioral health treatment from a private clinic in 2007, and later received treatment at the VA's La Crosse Vet Center from 2014 to 2016. In December 2016, he filed a claim for benefits for an acquired psychiatric disorder. A 2017 VA psychiatric examination determined that he did not meet the diagnostic criteria for posttraumatic stress disorder (PTSD) and instead diagnosed an unspecified anxiety disorder unrelated to his military service. A month later, a VA regional office denied service connection for an acquired psychiatric condition.

Mr. Donaghue filed a timely Notice of Disagreement and underwent another psychiatric examination in 2019. The 2019 examination found that Mr. Donaghue did not

meet the diagnostic criteria for any mental disorder including PTSD. The VA regional office denied benefits for an acquired psychiatric disorder for lacking a PTSD diagnosis and a nexus to service for anxiety disorder. Mr. Donaghue appealed the rejection of a PTSD diagnosis to the Board.

In 2019, the Board denied service connection for an acquired psychiatric disorder. The Board found the 2017 and 2019 VA medical examinations to be "competent and probative evidence. . . . [and that] the examiner[s] supported their conclusions as to the lack of a PTSD diagnosis with a thorough and cogent rationale, which included consideration of the DSM-5, the Veteran's statements, and his clinical history." J.A. 134. The Veterans Court affirmed. Mr. Donaghue appeals.

## II

We review de novo the Veterans Court's interpretation of law. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998). Unless an appeal from the Veterans Court decision presents a constitutional issue, this Court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2)(A)–(B).

## A

Mr. Donaghue argues that the Board relied on inadequate medical determinations because the VA examinations ignored his medical history and disregarded inconsistencies between the examinations. He makes a number of fact-based arguments. For instance, he suggests that the 2017 VA examination relied on an inaccurate factual premise that he did not experience a traumatic event. He also underscores that the 2017 examination diagnosed an unspecified anxiety disorder, while the 2019 examination did not result in a diagnosis of any mental disorder including PTSD. The Veterans Court reviewed these examinations in the context of reviewing the Board's decision.

And the court explained in detail why it found the examinations adequate and consistent. J.A. 4–7. Specifically, the Board found "credible evidence that the Veteran was exposed to traumatic events," but no finding of compensable diagnosis. J.A. 5.

Mr. Donaghue's arguments as to the sufficiency of the medical examination are beyond our jurisdiction, as they simply challenge the factual determinations made by the Board and the Veterans Court's application of law to fact when approving the Board's determinations. Although Mr. Donaghue asserts, without support, that these alleged inadequacies pose "pure legal errors," Appellant's Br. 19, we have repeatedly held that "the sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact." *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) (listing dismissed cases arguing the sufficiency of medical opinions for want of jurisdiction).

B

Mr. Donaghue next argues that the Veterans Court erred by affirming the Board's statutory violation in not seeking relevant private records related to his PTSD claim. *See* 38 U.S.C. § 5103A(b)(1) (requiring VA to make "reasonable efforts to obtain relevant private records that claimant adequately identifies to [VA]"). During the 2017 examination, Mr. Donaghue reported meeting with a private counselor for two to three months in 2007. But the Board did not seek Mr. Donaghue's private medical records.

Mr. Donaghue admits that this argument was not raised below. Appellant's Br. 41. Moreover, we find that Mr. Donaghue forfeited this argument when he affirmatively argued at the Veterans Court that the Board failed to obtain private records related to his bilateral knee claims, J.A. 106–08, yet did not make the same argument with respect to his PTSD claim. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Mr. Donaghue nonetheless argues

that we should still consider the argument, because the Veterans Court reviewed the 2017 examination discussing the records at issue. We have consistently declined to consider arguments raised for the first time on appeal, and we again decline to do so here.

### III

Because we lack jurisdiction to consider the arguments raised on appeal, we dismiss.

**DISMISSED**

COSTS

No costs.