**E.C. McAFEE a/c Bristol Metal Industries of Canada Ltd., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Consol. No. 85–04–00485.**

United States Court of International Trade.

Dec. 17, 1986.

---

Fitch, King & Caffentzis (James Caffentzis, New York City, at the argument and on the brief), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, (Michael P. Maxwell, New York City, at the argument and on the brief), for defendant.

RAO, Judge:

This case is before the Court on plaintiff's (Bristol Metal Industries of Canada, Ltd., hereinafter "Bristol") motion for an order requiring defendant to pay to plaintiff the sum of $43,438.56 plus interest.

Previously, on July 17, 1986 this Court entered an order holding that the merchandise involved herein, scrap aluminum grindings, was entitled to duty free treatment under item 870.60, Tariff Schedules of the United States, (TSUS) and ordered the District Director of Customs at the Port of Buffalo, New York to reliquidate the entries accordingly, with interest thereon calculated from the respective dates of filing of each action in the Court.

The defendant, through its agent, the United States Customs Service ("Customs"), notified plaintiff's counsel by letter dated November 10, 1986 that the refunds due to plaintiff for the entries covered by the above captioned action would not be paid because of the indebtedness of E.C. McAfee (McAfee), plaintiff's customhouse broker for the entries covered by the subject court actions, on outstanding bills issued by Customs to E.C. McAfee for entries made in McAfee's name on behalf of persons other than Bristol. Bristol alleges that there are no outstanding bills with Customs in McAfee's name on its behalf.

Defendant opposes the motion on the grounds that Bristol is not a party to the action, that the court has no jurisdiction over this action because the motion alleges that the Government breached a settlement agreement and a suit against the Government for a breach of contract is not within the jurisdiction of this Court. Alternatively, the defendant alleges that the Government agreed to submit this actions on stipulation and its performance of that obli-

gation is evidenced by the judgments entered in these actions and that there is no breach of the settlement agreement.

Defendant takes the further position that Customs could not lawfully pay the refunds in question to Bristol since by regulation it is required to pay the refunds to the importer of record, who is McAfee. See Customs Regulations, 19 CFR § 24.-36(b). Additionally, defendant states that Customs must act in conformity with its regulations which require Customs to set off the amounts which accrued to E.C. McAfee upon reliquidation of the entries involved herein against the indebtedness of McAfee to the defendant. 19 CFR § 24.72.

■ It is usual for commercial importers to employ the services of customhouse brokers to make entry on their behalf. The broker prepares the entry and assembles all the supporting documents, files the entry package, and follows the transaction through its intermediate stages, which may include the filing of additional documents or bonds, to the release of the merchandise, final liquidation and payment of duties. He may file a protest against a liquidation on behalf of a principal, if authorized to do so. Sturm, *Customs Law & Administration* (Third Edition) § 20.2. Pursuant to 19 U.S.C. § 1514(c) a civil action contesting the denial of a protest may be commenced in the Court of International Trade by the importer or any authorized agent of the importer. Hence, either the customhouse broker or the principal, Bristol, could have been the named plaintiff in this case and the decision was made to name the customhouse broker, for the account of the importer, Bristol.

■ The allegation that this action is for breach of contract is without merit. The agreement between the parties was to submit the cases involved herein to the court for settlement. This the parties did, and it was the decision of this Court that the entries be liquidated in accordance with its decision that the merchandise was properly classifiable under item 870.60, TSUS, as other metal waste and scrap (provided for in Part 2 of Schedule 6 of the TSUS), free

of duty. This reliquidation by the District Director has apparently been accomplished and a determination has been made that a refund of $43,438.56 plus interest is due.

The issue to be determined by this Court is whether this refund is available for set-off by Customs for monies owed to it by McAfee, the customhouse broker, on transactions other than Bristol's. It is the opinion of this Court that it is not.

■ The question of the rights of a principal against third persons on transactions made by or through the intervention of a broker depends upon the same considerations which control in the case of similar transactions made by any other agent. The principal is entitled to demand, receive and enforce its rights against third parties with whom the broker deals, of all contracts made in his name or in his behalf; and to have the same remedies for the protection of his interests and the recovery and preservation of his property which he would have had if acting in his own proper person.

■ The customhouse broker, like the ordinary broker, usually has no possession of the property (merchandise) which is the subject of the transaction (entry) and acts ordinarily in the name of the principal. His character as a customhouse broker implies that he is acting for another. It is well settled that where a broker has not been permitted to appear as the principal, by being entrusted with possession of the property or with other usual indicia of ownership, the third persons with whom he deals cannot, when called upon for performance by the principal, set-off against the latter any payments made to the broker by them, or any debts or obligations due to them by the broker. *Mechem on Agency* (Second Edition) §§ 2491 and 2492.

■ The instant case is "on all fours" with the principles enunciated by Professor Mechem. The identity of the principal was disclosed on the entry papers, which stated that E.C. McAfee, the importer of record, was acting for the account of Bristol Met-

als Ltd. The issue of whether Customs was acting in good faith with an undisclosed broker or agent does not arise.

Defendant relied on 19 C.F.R. §§ 24.72 and 24.36(b) for its position that it is required by its regulations to set-off its claim against McAfee by retaining the refundable duties plus interest in these civil actions. 19 C.F.R. § 24.72 states:

§ 24.72 *Claims; set-off*

When an importer of record or other party has a judgment or other claim allowed by legal authority against the United States, and he is indebted to the United States, either as principal or surety, for an amount which is legally fixed and undisputed, the district director shall set off so much of the judgment or other claim as will equal the amount of the debt due the Government.

We hold that this regulation is inapplicable here. Although the entry papers do indicate that McAfee is the importer of record, its standing as a broker is clearly set out in those papers by the words "for the account of Bristol Metals, Ltd." Similary, the cases were originally brought with E.C. McAfee a/c Briston Metal Industries of Canada, Ltd. as the named plaintiff. Defendant had notice that McAfee was acting as a broker from the time of entry, as is evidenced by its answer to the complaint in the test case wherein it denied that E.C. McAfee is the importer of record and averred that the importer of record was E.C. McAfee a/c Bristol Metals, Ltd. Nor is E.C. McAfee an "other party" in these civil actions, as there is only one named plaintiff.

19 C.F.R. § 24.36(b) requires that refunds of excessive duties shall be certified for payment to the importer of record unless certain other conditions apply, such as the existance of a transferee's rights to withdraw merchandise from bonded warehouse, the submission of evidence of a surety of payment to Customs on the default of a principal, or an owner's declara-

tion having been filed in accordance with section 485(d) of the Tariff Act of 1930, as amended. This section of the Customs Regulations will have been complied with if Customs makes the refund payable to the importer of record, McAfee for the account of Bristol, since no allegations have been made that the rights of sureties are involved, nor are there present any transferee's rights to withdraw merchandise from bonded warehouse. No allegations have been made concerning an owner's declaration having been filed. Plaintiff, by its letter of April 10, 1986 specifically agreed that the refunds should be made payable to the importer of record and defendant did not refute this.

Instead, defendant made the refunds payable to McAfee (Defendant's Opposition, p. 5) and applied these refunds to debts owed it by McAfee.

It is the opinion of this Court that the refunds are properly made payable to E.C. McAfee a/c Bristol Metal Industries of Canada, Ltd., both the importer of record and the plaintiff herein. These refunds may be set-off against any debts owed by Bristol Metal Industries of Canada, Ltd. to the Customs Service or any other governmental agency. If none exists, the entire amount, plus the interest accrued, shall be made available to McAfee for the account of Bristol. Plaintiff's motion is granted and it is, therefore,

ORDERED, ADJUDGED AND DECREED that defendant, within 30 days from the date of this order, refund to plaintiff, E.C. McAfee a/c Bristol Metal Industries of Canada, Ltd., the sum of $43,438.56, plus the appropriate interest.