E.C. McAFEE A/C BRISTOL METAL INDUSTRIES OF CANADA LTD.,
Plaintiff-Appellee,

v.

The UNITED STATES,
Defendant-Appellant.

Appeal No. 87–1209.

United States Court of Appeals,
Federal Circuit.

Oct. 23, 1987.

Michael P. Maxwell, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellant. With him on brief were Richard K. Willard, Asst. Atty. General, David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, International Trade Field Office.

James Caffentzis, Fitch, King & Caffentzis, New York City, argued for plaintiff-appellee.

Before NIES, Circuit Judge,
COWEN, Senior Circuit Judge, and
BISSELL, Circuit Judge.

NIES, Circuit Judge.

The United States appeals from a final order of the United States Court of International Trade in *McAfee v. United States,* 650 F.Supp. 1026 (CIT 1986), which ordered the government to refund custom duties to "E.C. McAfee a/c Bristol Metal Industries of Canada, Ltd." in the amount of $43,-438.56 plus appropriate interest. The government challenges the trial court's jurisdiction to issue the order and its refusal to allow the government to offset the amount of the refunds against duties owed by the customhouse broker, E.C. McAfee, which were not for the account of Bristol Metal. We affirm.

I

This action arises from importations of aluminum grindings. Entry documents

submitted to Customs for such merchandise identified the "importer of record" as "E.C. McAfee for the account of Bristol Metals Ltd." McAfee was the customhouse broker for the aluminum imports of the importer, Bristol Metal Industries of Canada, Ltd. Customs classified the merchandise as "articles" of aluminum under item 657.40, Tariff Schedules of the United States (TSUS), and assessed duties, which were paid, in the amount of $43,438.56. Bristol Metal retained counsel to protest the classification on the ground that Customs should have classified the aluminum as duty-free "scrap" under item 870.60, TSUS. Customs denied the protest, and an action was filed in the Court of International Trade, styled "E.C. McAfee (A/C Bristol Metal Industries of Canada Ltd.)," hereinafter "McAfee A/C Bristol."

Before trial, the parties settled, with the government accepting plaintiff's position. The trial court then entered a judgment in favor of "McAfee A/C Bristol," and ordered Customs to reliquidate the entries under the duty-free provision. In compliance with that order, Customs reliquidated the entries. Customs did not, however, pay over the amount of the refunds which resulted from reliquidations. Rather, it claimed a right under customs regulations to offset that amount against outstanding bills issued to McAfee on entries made by McAfee on behalf of persons other than Bristol. The attorneys of record in the suit demanded payment unless the outstanding debt was that of "McAfee A/C Bristol." Upon the government's refusal to pay, counsel filed a motion in the trial court in the name of the importer, Bristol Metal, for an order requiring the government to pay over the refunds plus interest.

The trial court held that it had jurisdiction to rule on the motion, stating the issue to be "whether [the] refund is available for set-off by Customs for monies owed to it by McAfee, the customhouse broker, on transactions other than Bristol's." 650 F.Supp. at 1028. Applying the general principle that one may not set off an agent's own obligation against a debt one owed to the principal (F. Mechem, *A Treatise on the Law of Agency* §§ 2491–92 (2d ed. 1914)), the court granted Bristol's motion and ordered the government to refund the amount of the judgment to the plaintiff, "E.C. McAfee A/C Bristol Metal Industries of Canada, Ltd."

## II

### A. Jurisdiction

The government asserts that the trial court lacked jurisdiction over Bristol's motion on two theories. One theory is that Bristol lacked standing to file the motion because it is not a party to the action. The government urged that the motion is one to amend the judgment, in effect, to make Bristol the plaintiff. As such a motion, it was filed too late. Court of International Trade Rule 59(e) (thirty days to file motion to amend or alter judgment). We reject this argument.

■ The relief granted by the trial court was to the precise entity named as plaintiff throughout the proceedings, "McAfee A/C Bristol." Whether the motion was brought in the name of "Bristol" or "McAfee A/C Bristol" is of no substantive consequence here inasmuch as the relief was given to the named plaintiff. If there is a question that Bristol could not itself file the motion, it is purely technical. At most, the name on the *motion* needed to be changed, not the party which was afforded relief in the original judgment. Thus, the motion was not one to amend the *judgment* and was not untimely.

■ As a second theory contesting jurisdiction, the government asserts that because Bristol personally filed the motion, the motion must be considered a contractual claim for breach of the settlement agreement, and that the trial court lacks jurisdiction over such a claim. The preceding analysis also negates that theory. The motion was not a claim for breach of contract by Bristol, but one to enforce the court's original judgment in favor of "McAfee A/C Bristol." Thus, the government's jurisdictional theories fail.

## B. Merits

With respect to the merits of Bristol's motion, the government argues that the trial court ignored the following regulation under which it was required to set off the refund against duties owed by McAfee:

### § 24.72 Claims; set-off.

When an importer of record or other party has a judgment or other claim allowed by legal authority against the United States, and he is indebted to the United States, either as principal or surety, for an amount which is legally fixed and undisputed, the district director shall set off so much of the judgment or other claim as will equal the amount of the debt due the Government.

19 C.F.R. § 24.72 (1987). Thus, the government asserts that we are faced with the legal issue of interpretation of the regulation. In contrast, appellee argues that we may not overturn the trial court's decision not to allow the setoff unless the trial court "abused its discretion." The latter argument is easy to dispose of and we address it first.

It is correct that in some instances a court may disallow a setoff as a matter of discretion. However, a necessary predicate to any setoff is that cross-obligations exist between the parties. *See, e.g., Fuller v. Fasig-Tipton Co.,* 587 F.2d 103, 106 (2d Cir.1978). Only then might the court determine, as a matter of discretion, not to allow the setoff. *Cf. Melamed v. Lake County Nat'l Bank,* 727 F.2d 1399, 1404 (6th Cir. 1984) (allowance of setoff in bankruptcy proceeding within trial court's discretion); *see also In re Diplomat Elec., Inc.,* 499 F.2d 342, 346 (5th Cir.1974).

■ The trial court here ordered that refunds are to be made payable to "McAfee A/C Bristol," and, if there was no debt owed by Bristol, there could be no setoff. The court did not deny a setoff to the government as a matter of discretion. Thus, contrary to appellee's argument, our review of the issue on appeal is not under the abuse of discretion standard.

■ Appellee also asserts the trial court correctly concluded that the setoff regulation would not apply because the party entitled to the refund was not indebted to the government. We agree.

The regulation relied on by the government provides that a judgment in favor of an importer of record or other party may be set off against "the debt due" the government. Further, "the debt due" which may be satisfied by setoff must be an indebtedness of the importer of record or other party who received the favorable judgment. In this case, the judgment is in favor of "McAfee A/C Bristol." The government seeks to set that judgment off against any debt due from "McAfee A/C another." The government asserts no debt due from "McAfee A/C Bristol" or from "Bristol." Thus, there is, on this record, no cross-obligation due the government from either the denominated "importer of record" or "other party" which prevailed in the litigation and, thus, no legal basis for setoff under the regulation.

The government asserts that the decision in this case poses serious problems in the administration of the customs laws and in the collection of revenues. No doubt the decision affects the government's ability to collect on debts by offset. In the absence of reciprocal obligations, however, that manner of collection is not countenanced in the law. While an importer assumes the ordinary risks of a principal in dealing through his agent/broker, *see United States v. Federal Ins. Co.,* 805 F.2d 1012, 1019 (Fed.Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987), we are unpersuaded that the setoff regulation may impose on the importer the risk of the broker's nonpayment of duties on other accounts when the government is aware of their relationship.* In any event, we reject such an interpretation.

The government construes the holding here as a broad determination that a re-

---

* The government at all times knew that the importer of record was McAfee for the account of Bristol and that Bristol was the real party in interest. The entry certificate indicates that McAfee is the broker for the account of Bristol.

The named plaintiff in the case is "E.C. McAfee a/c Bristol Metal Industries of Canada Ltd." In its answer to the complaint, the government denied an allegation of the complaint that E.C. McAfee was the importer of record and insisted

fund accrues to and must be paid to the principal in a transaction, not the broker/agent. It then sees chaos in administration of the customs laws because it must determine for whom brokers are acting before paying out a refund. It also asserts that the decision conflicts with *United States v. Wedemann & Godknecht, Inc.,* 515 F.2d 1145, 62 CCPA 86 (1975) or *Eurasia Import Co. v. United States,* 31 CCPA 202 (1944). We cannot agree. Our decision does not affect who is to be held liable for duties, who is responsible for record keeping, or to whom refunds are to be paid. The sole issue here is setoff. If the government seeks to utilize a judgment as a setoff, it must identify an existing debt due to the government from a winning party in accordance with agency principles applicable to setoff.

## III

For the foregoing reasons, the final order of the Court of International Trade is affirmed.

AFFIRMED.

that the importer of record was "E.C. McAfee a/c Bristol Metals, Ltd." We note that an answer to a complaint constitutes an admission. *See, e.g., Darling Shops, Inc. v. Brack,* 95 F.2d 135, 141 (8th Cir.1938) (answer is an admission even if not offered in evidence as trial, citing cases); 4 J. Wigmore, *Evidence* § 1064, at 67 (Chadbourn rev. 1972) (pleadings are judicial admissions and a party may invoke the language of the opponent's pleading to render the facts contained therein indisputable); *cf.* Fed.R. Civ.P. 8(d). Thus, the government cannot contend that it was unaware of the parties' relationship.