985 F.2d 583
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GORDON KRUSE CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5093.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1992.
 
 Before MICHEL, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gordon Kruse Construction Company (Kruse) appeals the February 5, 1992 judgment of the United States Claims Court dismissing Kruse's complaint because Kruse had failed to prove the existence of an oral agreement to allow its claim for winter standby overhead expenses despite the existence of a general release. Gordon Kruse Constr. Co. v. United States, No. 90-385 C (Cl.Ct. Feb. 5, 1992) (judgment dismissing complaint). We affirm-in-part and remand-in-part.
 
 
 2
 Kruse contracted with the Department of the Interior (Interior) to build a fish barrier structure in the Roza Wasteway Channel near Yakima, Washington. Part of the work on the contract included furnishing and installing a screen-hoisting system. Kruse presented Interior with two "value engineering change proposals" (VECP) for a hoist system different from that specified in the contract. Interior and Kruse negotiated for several months about implementing the VECP selected. Eventually, the VECP was embodied in contract modification number 3, which Kruse signed on March 12, 1987. The VECP changed the specification for the hoist system, saving Interior $24,861.00. In the modification, Interior awarded Kruse 55 percent of these savings, $13,763.55, as well as 158 days of additional time to complete the contract. Therein, Kruse "release[d] the Government from all liability under this contract for further equitable adjustments" related to the modification. Kruse subsequently submitted a claim for winter standby costs of $44,486.00 incurred during the time taken to process the VECP. Interior denied the claim.
 
 
 3
 On appeal to the Claims Court, pursuant to 41 U.S.C. section 609 (1988), Kruse argued that Interior had agreed, in a prior oral agreement, that these winter standby costs were not covered by the March 12 release. The Claims Court held that Kruse had failed to prove the factual existence of a prior oral agreement limiting the scope of the release. The court primarily based this determination on the credibility of the witnesses.
 
 
 4
 On appeal to this court, Kruse does not contest the Claims Court's holding that no oral agreement excluded overhead costs from the scope of the release. Instead, Kruse, citing Mingus Constructors, Inc. v. United States, 812 F.2d 1387 (Fed.Cir.1987), asserts that the Claims Court erred because it failed to find that Interior's post-release consideration of Kruse's winter overhead claim establishes that the claim is not barred by the release as a matter of law. Kruse also contends that the Claims Court erred as a matter of law when it failed to award Kruse $1,688.44 that the government admitted was owed to Kruse under the contract as a whole.
 
 
 5
 When the government entertains a contractor's claim for additional compensation after the contractor executes a general release, the government's recognition of the claim may operate to remove the claim from the scope of the release. Mingus, 812 F.2d at 1395. Underlying our analysis of the post-release consideration exception is the assumption that the contractor has in fact submitted a claim prior to signing the release. See id. (citing Winn-Senter Constr. Co. v. United States, 75 F.Supp. 255, 260, 110 Ct.Cl. 34, 65-66 (1948) (holding that contractors' claim was not barred by a release when the contractors had submitted a written claim before executing the release and the government entertained the resubmitted claim after the execution of the release)). Thus, in order for Kruse to rely on the post-release consideration exception, Kruse had to have made a claim for the winter overhead before it signed the release on March 17, 1987. This, Kruse did not do. Kruse admits that it "first submitted its winter standby claim to the government on May 8, 1987, almost two months after Mr. Gordon Kruse executed Contract Modification No. 3." Because Kruse failed to make its winter overhead claim before executing the release, we need not determine whether the government's consideration of Kruse's claim rose to the level necessary to extract the claim from the broad general language of the release. Therefore, we affirm the Claims Court's judgment denying Kruse's claim for winter standby overhead expenses.
 
 
 6
 Finally, we note that Kruse claims entitlement to $1,688.44 for its work on the project. Kruse contends that the government submitted a pleading to the Claims Court admitting liability for that amount. We have reviewed the pleading, "Defendant's Motion For Leave to Supplement Record." It states that the "sum which remains due to plaintiff for its work on the project, [is] a total of $1,668.44." This court has held that pleadings are judicial admissions which render the facts therein indisputable. E.C. McAfee A/C Bristol Metal Indus. of Canada Ltd. v. United States, 832 F.2d 152, 155 n.* (Fed.Cir.1987). The government does not contest its admitted liability to Kruse on this issue. We therefore remand the case to the United States Court of Federal Claims* for entry of judgment on the total amount due to Kruse under the contract.
 
 
 
 *
 The United States Claims Court is now known as the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, ____