**SAI INDUSTRIES CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–2698C.

United States Court of Federal Claims.

Oct. 29, 2004.

Laurence Schor, Washington, D.C., attorney of record for plaintiff.

James D. Colt, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for defendant.

### OPINION AND ORDER

REGINALD W. GIBSON, Senior Judge.

INTRODUCTION

Before this court is defendant's September 14, 2004 Motion to Dismiss Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B) (2004). Plaintiff, SAI Industries Corp., prevailed against the defendant in a pre-award bid protest action, decided on May 26, 2004. Now, plaintiff seeks to invoke monetary relief under the Equal Access to Justice Act (EAJA) to recover attorney fees and other costs associated therewith. Defendant, conversely, seeks dismissal of the subject monetary claim, alleging that plaintiff failed to timely file the same.

Judgment in the underlying bid protest action was entered on May 26, 2004, and the parties agree that the last day to appeal said judgment was July 26, 2004.[1] Thus, defendant argues that plaintiff's August 26, 2004 EAJA filing came one day too late. That is so inasmuch as plaintiff was duty bound to file its EAJA pleading/application within thir-

---

1. In accordance with Federal Rule of Appellate Procedure 26(a)(3), the actual time for appeal expired sixty (60) days *after* the entry of judg- ment, but as that day was a Sunday, the last day is deemed to be Monday, July 26, 2004.

ty days of final judgment in the underlying case, to wit, August 25, 2004. Conversely, plaintiff argues that (i) its EAJA filing date should relate back to its *July 27, 2004* filing of its bill of costs, or alternatively, (ii) its August 26, 2004 EAJA filing was timely. For the reasons discussed hereinafter, we are constrained to hold that plaintiff's EAJA filing on August 26, 2004 was legally untimely. Accordingly, defendant's motion to dismiss said claim is GRANTED, and plaintiff's application for attorney fees filed pursuant to the EAJA is hereby DISMISSED.

## I. BACKGROUND FACTS

The instant application for attorney fees arises out of a pre-award bid protest action, decided by this court in favor of plaintiff on May 26, 2004. Final judgment, permanently enjoining defendant from awarding the subject solicitation until such time as plaintiff was given a full and fair opportunity to submit its bid, was also entered on May 26, 2004.

On June 30, 2004, plaintiff attempted to file its bill of costs. Said bill was returned to plaintiff on July 7, 2004, unfiled, due to defects.[2] SAI re-filed a corrected bill of costs on July 27, 2004.[3] Thereafter, on July 30, 2004, plaintiff inexplicably attempted to file a "Notice of Filing of Bill of Costs," which was returned to plaintiff, unfiled, on August 3, 2004, as there is no provision for filing such notice within this court's rules. Subsequently, on August 26, 2004, plaintiff filed its application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B) (2004). Defendant filed a motion to dismiss said application on the grounds that it was not timely filed, which issue is now before us for decision.

In opposition to the instant motion, plaintiff posits two alternative arguments, to wit, (i) plaintiff avers that its August 26, 2004

application for fees and expenses under the EAJA is a supplement to its July 27, 2004 bill of costs, and thus, the filing date should relate back to July 27, 2004, or (ii) plaintiff alleges that August 26, 2004 was the last day on which its application for fees and expenses under the EAJA could be timely filed. We address each of these arguments seriatim.

## II. ANALYSIS

■ At the outset, we note that it is well settled that the United States, as sovereign, cannot be sued absent its consent. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Furthermore, said consent must occur through an unequivocal, express waiver of sovereign immunity. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) (citing *Sherwood,* 312 U.S. 584, 61 S.Ct. 767). The EAJA is such "a waiver of the sovereign immunity of the United States and must be strictly construed." *Bazalo v. West,* 150 F.3d 1380, 1382 (Fed.Cir.1998) (citing *Ardestani v. INS,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991)). Consequently, we may neither expand nor narrow the express waiver of sovereign immunity contained within the EAJA. *Id.* The relevant portion of the EAJA states:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United

**2.** The defects noted were that said bill of costs was (i) premature, as the time for appeal had not run, and (ii) not bound in accordance with the rules of this court.

**3.** Defendant's reply brief in support of its motion to dismiss the instant EAJA application avers that it did not receive a copy of plaintiff's July 27, 2004 bill of costs. Instead, defendant alleges that it only received SAI's "Notice of Filing" on

July 28, 2004, and this court's August 3, 2004 rejection thereof. Thus, defendant asserts that it "would challenge any attempt to collect on a costs filing with which we were not served." D's Rep. Br. at n. 1. At present, defendant has not filed a motion to dismiss plaintiff's bill of costs. Therefore, we shall not address whether plaintiff's bill of costs is allowable, since that matter is not properly before us.

States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (2004) (emphasis added). Thus, we shall strictly construe the foregoing operative provisions in our analysis of the parties' factual allegations.

A. Relation–Back of Plaintiff's August 26, 2004 Application for Attorney Fees to the Filing of Plaintiff's July 27, 2004 Bill of Costs.

██ As previously noted, plaintiff argues that its August 26, 2004 EAJA application for attorney fees merely supplemented its July 27, 2004 bill of costs, which was timely filed.[4] Supporting this premise, plaintiff proffers two cases that it avers are analogous, and stand for the proposition that relation-back is appropriate in this situation. These cases are *Bazalo v. West,* 150 F.3d 1380 (Fed.Cir. 1998), and *Scarborough v. Principi,* 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). Given the foregoing, we examine each of these cases in turn, starting with *Bazalo.*

In *Bazalo,* the Federal Circuit permitted the plaintiff to supplement its EAJA application to include its affirmative showing that its net worth was less than $2,000,000.00. Analyzing the issue, the *Bazalo* court noted that "[w]e have unequivocally held that the thirty-day time limit for filing an EAJA application after final disposition of an adversary adjudication is a jurisdictional prerequisite to an award of attorney fees," and thus, must be strictly met. *Bazalo,* 150 F.3d at 1383 (citing *J.M.T. Mach. Co. v. United States,* 826 F.2d 1042, 1047 (Fed.Cir.1987)). Continuing, the court noted that Bazalo timely filed its application, was a prevailing party, and "[i]n addi-

tion, . . . set forth the allegations as to why the United States' position was not substantially justified and included an itemized statement of the fees sought." *Bazalo,* 150 F.3d at 1383. In fact, the court found that "[t]he only allegedly jurisdictional requirement that Bazalo did not meet is the eligibility requirement [affirmatively stating that his net worth was less than $2,000,000.00]. . . . This allegedly jurisdictional requirement is gleaned from the definition of 'party' under § 2412(d)(2)(B)." *Id.* Since the court found that Bazalo had committed merely a technical defect, the court permitted Bazalo to "supplement his filing after the thirty-day time limitation to set forth a more explicit statement about his net worth," *Id.* at 1384, thus perfecting his EAJA claim.

Plaintiff also cites *Scarborough,* a recent Supreme Court case, as support for its position that relation-back should be permitted in this situation. In that case, the Supreme Court was called to decide whether petitioner's EAJA application, timely filed, could be supplemented after the thirty-day filing period to cure a failure to allege that the government's position in the underlying action lacked substantial justification. The Court likened the petitioner's failure to other non-fatal errors where relation-back is permitted to correct defective filings, such as failure to verify a charge or sign a pleading. Answering in the affirmative, the Court held that the doctrine of relation-back "properly guides our determination that Scarborough's fee application could be amended, after the 30–day filing period to include the 'not substantially justified' allegation," *Scarborough,* 124 S.Ct. at 1868, noting that "the allegation does not serve an essential notice-giving function." *Id.,* 124 S.Ct. at 1867.

This court fails to see the parallel between the instant situation and *Bazalo.* Here, plaintiff admits that the bill of costs that it seeks to use for relation-back purposes failed to invoke the EAJA.[5] Nor did said bill of costs include any allegation that the United

---

4. We observed, *supra* note 3, that defendant avers that it never received said bill of costs. The issue of the allowability of the bill of costs is not currently before us on the merits. Thus, for the purpose of our discussion today, we shall ignore the defendant's allegation of defective service of

said bill, as it was properly filed with this court on July 27, 2004.

5. SAI admitted that its "Bill of Costs did not specifically refer to the EAJA." P's Opp. To D's Mot. to Dismiss at note 1.

**4**

States' position was not substantially justified, or that it was *the* original application under 28 U.S.C. § 2412(d)(1)(A). Also absent was an itemized statement of the fees now sought. In sum, it was not an EAJA application; it was an application for costs, filed pursuant to 28 U.S.C. § 2412(a)—a provision that has permitted reimbursement of such costs *since before the enactment of the EAJA. See, e.g., Scarborough,* 124 S.Ct. at 1861. Therefore, the *Bazalo* court's statement that "the content of the EAJA application should be accorded some flexibility," is simply inapplicable here. *Bazalo,* 150 F.3d at 1383. Moreover, irrespective of plaintiff's urgings to the contrary, we cannot accept that the Federal Circuit intended a bill of costs that includes *no mention whatsoever* of attorney fees, or the EAJA itself, to be an *"EAJA application* [that] should be accorded some flexibility." *Id.* (emphasis added).

*Scarborough* is equally unavailing. Plaintiff attempts to use the language in *Scarborough* that draws a distinction between jurisdictional defects and filing defects to its advantage.[6] That distinction, however, in no way vitiates the thirty-day filing prescription contained in 28 U.S.C. § 2412(d)(1)(B) (2004). Thus, we do not see how our retention of subject matter jurisdiction is particularly helpful to plaintiff's current plight. This is especially so in light of the Supreme Court's express mention that, unlike the instant situation, Scarborough's failure to allege the government's lack of substantial justification served no "essential notice-giving function." *Scarborough,* 124 S.Ct. at 1867.

In our view—and in contrast to plaintiff's position—the timely filing of a bill of costs fails to establish the "essential notice-giving function" that an EAJA claim for attorney fees provides. An EAJA claim that suffers from a technical deficiency, like those at issue in *Bazalo* and *Scarborough,* does provide said essential notice. In both of those cases, it is clear beyond cavil that the government was on notice, within the thirty-day prescription, that it would face an EAJA claim. Moreover, in both cases, the government knew the amount of the claim in question. Contrastingly, SAI's bill of costs filing contained absolutely no reference to the EAJA, nor any mention of attorney fees or a schedule of those fees sought.[7] Hence, plaintiff's argument that its bill of costs provided the government with notice that plaintiff would seek attorney fees is attenuated, at best.[8] Holding for plaintiff under these facts would, in essence, eviscerate the thirty-day filing rule. Such a result is not contemplated by either precedent averred by plaintiff. In this connection, we find that plaintiff's EAJA claim failed to "supplement" its bill of costs; it was a totally separate and novel filing. Therefore, we are constrained to hold that plaintiff's filing of its EAJA claim cannot and does not relate-back to its filing of the bill of costs.

As noted, *supra,* plaintiff argues alternatively that the August 26, 2004 filing of its EAJA claim was timely, nevertheless. Thus,

---

6. The *Scarborough* Court noted that the EAJA's "30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Scarborough,* 124 S.Ct. at 1865.

7. As defendant pointed out in its reply to plaintiff's opposition of defendant's motion to dismiss, the bill of costs sought by SAI demanded an amount less than 1/17th of the amount sought by SAI for attorney fees.

8. Further probative of our determination here is the operative fact that SAI failed to refer to its EAJA application as a "supplement" to its bill of costs. This *post-hoc* argument by SAI arose only after defendant filed its motion to dismiss for untimeliness. In fact, plaintiff's RCFC Form 5, completed, signed by counsel, and filed (as required) with the Clerk of the Court concurrently with plaintiff's EAJA Application for Fees and Expenses Under the Equal Access to Justice Act on August 26, 2004 unequivocally admits that it is an "[o]riginal application under 28 U.S.C. § 2412(d)(1)(A) after judgment in a civil action against U.S." Pltf's Form 5, sect. 6. This volunteered statement, contained in an application for EAJA fees that was signed by counsel, constitutes a judicial admission that plaintiff's EAJA application was in truth and in fact "original" on August 26, 2004. Thus, the converse must also be true: said filing was not intended as a supplement to plaintiff's July 27, 2004 application for costs. It is well-settled that judicial admissions provide proof possessing the highest possible probative value, rendering the facts therein indisputable. *See, e.g., E.C. McAfee A/C Bristol Metal Industries of Canada v. United States,* 832 F.2d 152, 154 (Fed.Cir.1987). Therefore, we would be justified to dismiss plaintiff's "supplemental" argument based solely on plaintiff's contrary admission, *supra.*

our holding that relation-back does not apply here fails to fully dispose of defendant's motion to dismiss the EAJA claim as out of time. Consequently, we now focus our discussion on the question of whether plaintiff's August 26, 2004 EAJA filing was in fact timely within the 30–day statutory period.

B. SAI's EAJA filing in light of the thirty-day filing requirement.

The parties are in full agreement that SAI filed its "original" EAJA application on August 26, 2004. Disagreement arises, however, in defining *when* to start the thirty-day period for filing an EAJA application, pursuant to 28 U.S.C. § 2412(d)(1)(B). Plaintiff argues that "until 11:59:59 p.m. on July 26, 2004, the government could have filed a notice of appeal." P's Opp. Br. at 11. With that statement, defendant agrees. Following plaintiff's logic, the judgment did not become final and non-appealable until July 27, 2004. Continuing, plaintiff then attempts to convince us that RCFC 6, which states that "the day of the act, event, or default from which the designated time period begins to run shall not be included," means that July 27, 2004 may not be included in the calculation of the thirty-day filing requirement. We cannot agree.

This court addressed and resolved this same question in *Youngdale & Sons Construction Co., Inc. v. United States,* 31 Fed. Cl. 167 (1994). There, we determined that "the start of the 30–day limitations period[ ] do[es] not occur until the inclusive time to appeal has expired." *Youngdale,* 31 Fed.Cl. at 171. Thus, reading *Youngdale* in context with RCFC 6, we concluded that the "day of the act...from which the designated period of time begins to run," was the day that the period for filing an appeal expired (here, July 26, 2004)—not the first day that the judgment could no longer be appealed.

In its "Surreply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act," filed by leave of the court on October 29, 2004, plaintiff urges the court once again that "[t]he 30–day EAJA clock begins to run after the time to appeal that final judgment has expired." P's Surreply, at 3 (citing *Melkonyan v. Sullivan,* 501 U.S.

89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)). This language, according to plaintiff, dictates that "the day of the act" per RCFC 6 is the day that the judgment was no longer appealable (July 27, 2004), not the day on which the time for appeals expired (July 26, 2004); thus, pursuant to RCFC 6, July 27, 2004 cannot be counted as day one of plaintiff's thirty-day EAJA filing period. Moreover, plaintiff argues that *Youngdale* is factually distinguishable, and thus is inapposite to our decision here at bar.

Upon careful consideration of plaintiff's argument, the applicable caselaw, RCFC 6, and the EAJA, we reject plaintiff's interpretations. Instead, we hold that *the day on which the period for appeals expired* is the applicable RCFC 6 date (July 26, 2004), and not the day on which the judgment was no longer appealable (July 27, 2004). Resultantly, the first day of the thirty-day filing period for EAJA applications began the day after the expiration of the appeals period (here, July 27, 2004). This meshes well with 28 U.S.C. § 2412(d)(1)(B), which states that an EAJA application must be made "within thirty days of final judgment in the action." If we adopt plaintiff's logic and do not start the thirty-day clock until a day after the first day upon which the judgment could no longer be appealed (here, July 28, 2004), the final day for filing an EAJA claim would not come "within thirty days of final judgment," 28 U.S.C. § 2412(d)(1)(B)-it would be within thirty-one (31) days of final judgment. Thus, we are constrained to hold that the thirtieth and last day for the *timely* filing of SAI's EAJA claim on this record was, in fact, August 25, 2004. Accordingly, we cannot escape and thus are bound to the conclusion that SAI's admittedly "original" EAJA application, filed on August 26, 2004, was clearly untimely as a matter of law.

III. CONCLUSION

Based on all of the foregoing, we GRANT defendant's motion to dismiss plaintiff's EAJA claim as untimely.

IT IS SO ORDERED.