# United States Court of Appeals for the Federal Circuit

05-5027

SAI INDUSTRIES CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Laurence Schor, McManus, Schor, Asmar, and Darden, L.L.P., of Washington, DC, argued for plaintiff-appellant.  With him on the brief was Geoffrey T. Keating. Of counsel on the brief was Stephen J. Johnson, of San Antonio, Texas.  Of counsel was Dennis C. Ehlers.

James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from:  United States Court of Federal Claims

Senior Judge Reginald W. Gibson

# United States Court of Appeals for the Federal Circuit

05-5027

SAI INDUSTRIES CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  August 26, 2005

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

The appellant SAI Industries Corp. ("SAI") challenges the Court of Federal Claims' dismissal of its application for attorney fees under the Equal Access to Justice Act ("Act"), 28 U.S.C. § 2412(d), as untimely filed.  We affirm.

I

The facts are undisputed.  In the underlying action, a pre-award bid protest, the Court of Federal Claims held for the plaintiff.  <u>SAI Indus. Corp. v. United States</u>, 60 Fed. Cl. 731 (2004).  The court's final judgment was entered on May 26, 2004.  (All remaining months and dates to which this opinion refers are in 2004.)  Pursuant to the Federal Rules of Appellate Procedure, the government's 60-day time for appeal expired

on July 25. See Fed. R. App. P. 4(a)(1)(B) (2004). Because July 25 was a Sunday, the deadline was the next day, Monday, July 26. See Fed. R. App. P. 26(a)(3). SAI filed its application for attorney fees under the Act on August 26, thirty-one days after July 26.

On the government's motion, the Court of Federal Claims dismissed SAI's application as untimely. SAI Indus. Corp. v. United States, 63 Fed. Cl. 1 (2004). The court held that under the governing statutory provisions and the applicable rules of the Court of Federal Claims, discussed in part II below, the first day of the 30-day period for filing the application was July 27, the day following the government's last day for appealing (July 26). Id. at 5. The court further held that because SAI did not file its application until thirty-one days after the government's last day for appealing, the application was untimely. Id.

II

The Act requires that applications thereunder be submitted to the court "within thirty days of final judgment in the action[.]" 28 U.S.C. § 2412(d)(1)(B) (2004). The Act defines "final judgment" as "a judgment that is final and not appealable[.]" Id. § 2412(d)(2). Under the normal and usual meaning and application of those provisions, the first day of SAI's 30-day period for filing its application was July 27, and its application, filed thirty-one days after July 26, was untimely.

SAI contends, however, that these dates should be moved forward by one day, which would make its application timely. It relies on Rule 6(a) of the Rules of the Court of Federal Claims, which provides in relevant part: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the

day of the act, event, or default from which the designated period begins to run shall not be included." R.C.F.C. 6(a) (2004).

SAI argues that the government could have filed an appeal as late as midnight on July 26, by depositing its notice of appeal in the night box that the Court of Federal Claims maintains at the courthouse, which is available for filing on business days between 5:15 p.m. when the Clerk's Office closes, and midnight, in accordance with Court of Federal Claims Rule 77.1(a). See R.C.F.C. 77(a), (c) & 77.1(a). SAI further contends that the court's judgment did not become final until the "first fraction of a second into" July 27, after "the exact moment that the second hand on the clock swept past 12:00 midnight on July 26"; that the "operative event" in this case, "the first day that the Judgment was final and not appealable," therefore occurred on July 27; and that because the day of the "event" is excluded in calculating the 30-day period for filing under Court of Federal Claims Rule 6(a), July 28 was the first day of the 30-day filing period.

The Court of Federal Claims rejected this argument because, relying on a prior decision of that court, it held that under its Rule 6(a), the "day of the act . . . from which the designated period of time begins to run" is July 26, 2004, "the day on which the period for appeals expired. . . and not the day on which the judgment was no longer appealable (July 27, 2004)." 63 Fed. Cl. at 5 (emphasis omitted). We have no reason to disagree with the Court of Federal Claims' interpretation of its own rule, or with the court's conclusion that under that interpretation, "the first day of the thirty-day filing period for [Equal Access to Justice Act (EAJA) fee] applications began the day after the expiration of the appeals period[.]" Id. Nothing in § 2412(d), which specifies the time

under the Act for filing applications, is inconsistent with that conclusion or calls for a different result.

SAI cites the Supreme Court's statement in <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991), that "[t]he 30-day EAJA clock begins to run after the time to appeal [a court's] 'final judgment' has expired." <u>Id.</u> at 96. That statement, however, does not address the question in the present case, which is whether Court of Federal Claims Rule 6(a) operates to exclude the day on which the period for appeal expired, or the day on which the judgment was no longer appealable. For the reasons given above, <u>Melkonyan</u> does not support SAI's position.

CONCLUSION

The order of the Court of Federal Claims dismissing SAI's application under the Equal Access to Justice Act as untimely filed is

<u>AFFIRMED</u>.