CORRECTED COVERSHEET: 5/9/07

# United States Court of Appeals for the Federal Circuit

2006-7321

MARCELINO HERNANDEZ-GARCIA,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Sean A. Ravin, of Washington, DC, argued for claimant-appellant.

Christopher J. Carney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General, and Steven J. Gillingham, Assistant Director. Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2006-7321

MARCELINO HERNANDEZ-GARCIA,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  May 2, 2007

_____


Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and LOURIE, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

The appellant, Marcelino Hernandez-Garcia, challenges the United States Court of Appeals for Veterans Claims ("Veterans Court")'s dismissal of his application for attorney fees under the Equal Access to Justice Act ("Act"), 28 U.S.C. § 2412(d), as untimely filed.  We affirm.

I

The facts are undisputed.  In the underlying action, the Veterans Court vacated and remanded the decision of the Board of Veterans' Appeals (the "Board") that had denied Hernandez-Garcia's claim for veterans benefits.  <u>Hernandez-Garcia v. Nicholson</u>, No. 02-2380 (Vet. App. Oct. 4, 2005).  The court's final judgment was entered on October 27, 2005.  Under the Federal Rules of Appellate Procedure, the

government's sixty day time for appeal expired on December 26, 2005. See Fed. R. App. P. 4(a)(1)(B). Because that day was a federal holiday, the government's deadline was December 27. See U.S. Vet. App. R. 26(a)(1).

The Act requires that an application for attorney fees be filed "'within thirty days of final judgment in the action.'" 28 U.S.C. § 2412(d)(1)(B). The Act defines "final judgment" as "a judgment that is final and not appealable." Id. § 2412(d)(2). Hernandez-Garcia filed his application for attorney fees under the Act on January 27, 2006, thirty-one days after the court's judgment became final on December 27.

The Veterans Court dismissed Hernandez-Garcia's application as untimely. Hernandez-Garcia v. Nicholson, No. 02-2380(E) (Vet. App. May 23, 2006). The court held that under the governing statutory provisions and its applicable rules, the first day of the thirty day period for filing the application was December 28, the day following the government's last day for appealing (December 27), and that the application filed thirty-one days thereafter was untimely. Id. at 2.

## II

Our recent decision in SAI Industries Corporation v. United States, 421 F.3d 1344 (Fed. Cir. 2005), controls this case and requires affirmance of the Veterans Court's dismissal of Hernandez-Garcia's attorney fees application. In that case, as here, the court of first impression dismissed as untimely an application under the Act that was filed thirty-one days after the court's judgment had become final.

SAI involved a final judgment of the Court of Federal Claims that was entered on May 26, 2006. The government's sixty day period for appeal expired on July 25, which,

because it was a Sunday, was extended to the next day, July 26. SAI filed its attorney fee application on August 26, thirty-one days later.

We affirmed the Court of Federal Claims' dismissal of the application as untimely. We agreed with that court that "under its Rule 6(a), the 'day of the act . . . from which the designated period of time begins to run' is . . . 'the day on which the period for appeals expired . . . and not the day on which the judgment was no longer appealable.'" Id. (quoting SAI Indus. Corp. v. United States, 63 Fed. Cl. 1, 5 (2004)). The rules of the Veterans Court and the Court of Federal Claims governing the filing of applications for attorney fees are indistinguishable. Compare U.S. Vet. App. R. 39(a) ("[A]n application . . . for award of attorney fees . . . must be filed with the clerk not later than 30 days after the Court's judgment becomes final.") with R.C.F.C. 54(d)(2)(B) ("[T]he motion [for attorney fees] must be filed no later than 30 days after the date of final judgment.") (implementing 28 U.S.C. § 2412(d)(1)(B) (an application for an award of attorney fees must be filed "within thirty days of final judgment.")).

In SAI, we rejected the very ground on which Hernandez-Garcia attempts to justify his application as timely. He argues that because, under Veterans Court Rule 26, an appeal could have been filed by fax at 11:59 PM on December 27, 2005, the correct date of final judgment was December 28, and therefore, the first day of his thirty day period for filing was December 29. In SAI, the appellant argued that because the government could have appealed up to midnight of the day the judgment became final, by depositing its notice of appeal in the Court of Federal Claims' night box, the decision did not become final until the following day. Id. at 1346. The argument is no more persuasive here than it was there.

Hernandez-Garcia makes no attempt to distinguish <u>SAI</u> and we see no basis upon which he properly could do so. Instead, he argues that <u>SAI</u> was incorrectly decided (and, presumably, that we therefore should not follow it). This panel, however, is bound by <u>SAI</u>. <u>See</u> <u>Barclay v. United States</u>, 443 F.3d 1368, 1373 (Fed. Cir. 2006) ("Panels of this court are bound by previous precedential decisions unitl overturned by the Supreme Court or by this court en banc." (citation omitted)). He does not ask us to recommend to the full court that it consider this case en banc and overrule <u>SAI</u>, and we see no basis upon which we could properly do so. Indeed, this court denied rehearing en banc in <u>SAI</u>. <u>See</u> <u>SAI Indus. Corp. v. United States</u>, No. 05-5027 (Fed. Cir. Dec. 7, 2005) (order denying rehearing and rehearing en banc).

CONCLUSION

The order of the Veterans Court dismissing Hernandez-Garcia's application under the Equal Access to Justice Act as untimely filed is

<u>AFFIRMED</u>.