**Martin Byrd QUILLEN, Sr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–140C.**

United States Court of Federal Claims.

Oct. 1, 2009.

Whistleblower Protection Act, 5 U.S.C. § 2302 (2006); and Civil Rights Act of 1964, 28 U.S.C. § 1343(a) (2006).

Martin Byrd Quillen, Sr., Gate City, Virginia, Pro Se.

L. Misha Preheim, Trial Attorney, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

SMITH, Senior Judge.

Defendant filed a Motion to Dismiss pursuant to RCFC 12(b)(1), seeking the dismissal of Plaintiff's claims as untimely under the twelve-month statute of limitations under the Contracts Dispute Act (CDA), 41 U.S.C. § 609 (2006). Plaintiff argues that he sub-

mitted a timely claim to the contracting officer and that the claim he filed in this Court was timely under RCFC 6(a)(1). For the reasons set forth below, the Court hereby **DENIES in part** and **GRANTS in part** Defendant's Motion to Dismiss.

## I. BACKGROUND

On April 13, 2004, the Department of Agriculture Forest Service (Forest Service) awarded Martin Byrd Quillen, Sr. a contract to cut and remove timber in the George Washington and Jefferson National Forests. (Compl. at 1.) The contract terminated on April 30, 2006. (Compl. Ex. A3 at 8.) On February 27, 2007, the Forest Service's contracting officer (CO) Dale R. Remington issued a final decision letter finding that no timber had been cut or removed from the sale area, and calculating that the Forest Service's damages were $24,838.87. Due to an account balance with the Forest Service, Mr. Quillen owed $3,338.87 in net damages. (Compl. Ex. A6 at 1–2.)

Mr. Quillen received Mr. Remington's final decision on March 6, 2007 via certified mail. (Def.'s Mot. to Dismiss Ex. 1; Pl.'s Resp. at 3.) The final decision stated that Mr. Quillen could appeal the decision to the Civilian Board of Contract Appeals in Washington, D.C. within ninety days from the day he received the decision, or that Mr. Quillen could "bring an action in the U.S. Court of Federal Claims within 12 months of the date" of receipt. (Compl. Ex. A6 at 5.)

Mr. Quillen subsequently mailed a check dated March 13, 2007 to a Forest Service office in Los Angeles in the amount of $3,338.87. He wrote on the memo line: "[payment] remitted in protest and purchaser objects to contents of letter dated 2–27–07 enclosed herewith, as being true and correct." (Pl.'s Resp. Ex. 6(A)(1) at 1–2.) Almost one year later, on March 7, 2008, Mr. Quillen filed a claim arising from the Forest Service contract in this Court. (Compl. at 1.)

## II. STANDARD OF REVIEW

Plaintiff proceeds *pro se;* therefore, the Court holds his pleadings to a less stringent standard than those drafted by lawyers. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173,

66 L.Ed.2d 163 (1980). Nevertheless, claims brought by *pro se* litigants must satisfy the jurisdictional requirements of this Court. *See Saladino v. United States,* 62 Fed.Cl. 782, 787 (2004) (citing *Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir. 1987)). Thus, the Court will grant a motion to dismiss when a claim lacks subject matter jurisdiction and the non-moving party fails to establish such jurisdiction by a preponderance of the evidence. *Leonardo v. United States,* 55 Fed.Cl. 344, 346–47 (2003).

## III. JURISDICTION

The CDA draws a distinction between a contractor's: (1) direct appeal of a CO's final decision; and (2) claim for damages that extend beyond that appeal. Pursuant to 41 U.S.C. § 609(a), this Court has jurisdiction over a contractor's claim that "directly appeal[s] a final decision of the contracting officer." *Educators Assocs. v. United States,* 41 Fed.Cl. 811, 814 (1998); *see also K & S Const. v. United States,* 35 Fed.Cl. 270, 271–74 (1996).

However, in order to file any other claim arising under the contract in this Court, the CDA requires that the contractor first submit the claim to the CO for a decision. 41 U.S.C. § 605(a); *Kenney Orthopedic, LLC v. United States,* 83 Fed.Cl. 35, 43 (2008).

## IV. DISCUSSION

Mr. Quillen raises two arguments before this Court in support of his timeliness. First, Mr. Quillen's contends that the statement of protest written on the memo line of his check to the Forest Service was a timely claim to the CO. However, at oral argument, Mr. Quillen seemed to withhold this first argument. (*See generally* Tr. 12:23–37:17.) Instead he devoted his attention to his second argument, that the claim he filed in this Court is timely under RCFC 6(a)(1) when the rule is applied to the CDA's twelve-month statutory window. *Id.*

### A. *Mr. Quillen's Payment in Protest Failed to Constitute a Valid Claim*

In order to file a valid claim with the CO, the contractor must submit in writing a

"clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maint., Inc. v. United States,* 811 F.2d 586, 592 (Fed.Cir.1987).

■ Mr. Quillen's statement of protest written on the memo line of his check to the Forest Service failed to constitute a claim to the CO under the CDA. In remittance of payment to the Forest Service, it is clear that Mr. Quillen contested the accuracy of the CO's findings. However, he did not indicate the basis or amount of any claim at that time. (*See* Pl.'s Resp. Ex. 6(A)(1) at 1–2.) As a result, the CO did not have adequate notice of the basis or amount of the claim. In fact, it is not clear whether the CO ever knew of any objections, since Mr. Quillen's statement of protest was only written on the memo line of the check that was sent to a Forest Service receiving bank for deposit. (Compl. Ex. A6 at 6, 8.) The notice requirement is not a mere technicality. It serves to make the process of evaluating, settling, and litigating claims both fair and more efficient. Thus, this Court lacks jurisdiction over any of Mr. Quillen's claims that are unrelated to the direct appeal of the CO's final decision finding $24,838.87 in damages.

*B. Mr. Quillen's Appeal is Timely: CDA Twelve–Month Statutory Period Under RCFC 6(a)(1)*

■ Although Mr. Quillen failed to submit a valid claim to the CO, he may appeal the CO's final decision in the United States Court of Federal Claims. This appeal must be filed "within twelve months from the date of the receipt" of the CO's determination. 41 U.S.C. § 609(a)(1).

■ In order to establish the date of receipt, the CO must present "[o]bjective indicia of receipt by the contractor." *Borough of Alpine v. United States,* 923 F.2d 170, 172 (Fed.Cir.1991). Based upon the certified mail receipt, the Court holds that Mr. Quillen clearly received the CO's final decision on March 6, 2007, thus triggering the twelve-month statutory period of limitations on that date. (Def.'s Mot. to Dismiss Ex. 1; Pl.'s Resp. at 3.)

Federal courts generally calculate "one-year" statutory periods of limitations as 365 days. *See, e.g., Minasyan v. Mukasey,* 553 F.3d 1224, 1228 (9th Cir.2009). However, the relevant statutory language under the CDA clearly provides for a "twelve month[ ]" window. 41 U.S.C. § 609(a)(1). The use of "twelve months" instead of "one year" or "365 days" is noteworthy given that other sections of the CDA explicitly calculate statutory periods in terms of days. *See, e.g.,* 41 U.S.C. § 607(g)(1)(A) ("A contractor may appeal such a decision ... within one hundred and twenty days.").

Furthermore, some calendar months contain a different number of days. For example, three months does not always mean ninety days, since the number of days within each month differs. Similarly, twelve months does not necessarily suggest a certain number of days, like "one year" does. Therefore, this Court holds that the statutory period in question should be calculated as twelve calendar months instead of 365 days. For example, from March 7, 2007 to April 7, 2007 is one calendar month; March 7, 2007 to May 7, 2007 is two calendar months, and so forth.

With regard to RCFC 6(a)(1), when calculating any statutory period of limitations, the rule provides that the Court shall exclude "the day of the act, event, or default that begins the period." *See SAI Indus. v. United States,* 421 F.3d 1344, 1346 (Fed.Cir.2005). Furthermore, in *Wood–Ivey Sys. Corp. v. United States,* 4 F.3d 961 (Fed.Cir.1993), the Federal Circuit extended the close of the CDA's statutory window from Saturday December 8, 1990 to Monday December 11, 1990 in order to comply with a provision of the RCFC 6(a) that prohibits statutory windows from closing on weekends. *See* RCFC 6(a)(3). The court held that the extension did not violate the jurisdictional limits of the Court of Federal Claims because RCFC 6 was enacted in accordance with Congressional authorization. *Wood–Ivey,* 4 F.3d at 964.

Applying the procedural rules to this case, the Court will apply the plain meaning of RCFC 6(a)(1) and the language of 41 U.S.C. § 609(a)(1). Pursuant to RCFC 6(a)(1), the Court calculates the statutory window to ex-

clude March 6, 2007, and counts March 7, 2007 as the first day of the statutory window. From March 7, 2007, the Court allots twelve months to find that the statutory period of limitations closed on March 7, 2008. Accordingly, the Court holds that Mr. Quillen's appeal of the contracting officer's decision was timely.

*C. This Court Lacks Jurisdiction Over Plaintiff's Negligence and Due Process Claims*

■■■■ The Defendant, however, correctly notes that this Court lacks jurisdiction over Mr. Quillen's negligence and due process claims. The Tucker Act does not permit this Court to entertain claims based in tort. 28 U.S.C. § 1491(a)(1) (2006). Moreover, this Court finds no jurisdiction to entertain due process claims, as such claims do not "mandate payment of money by the government." *Le Blanc v. United States*, 50 F.3d 1025, 1029 (Fed.Cir.1995). Therefore, Mr. Quillen's due process and negligence claims must be dismissed.

### V. CONCLUSION

For the reasons set forth above, this Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss. The claims advanced by Mr. Quillen that extend beyond a direct appeal of the contracting officer's final decision, as well as the negligence and due process claims, are **DISMISSED** for lack of jurisdiction. The parties are directed to file a joint preliminary status report within 45 days from the date of this opinion.

**It is so ORDERED.**