NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STANLEY W. VALENTINE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1746

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-0217, Chief Judge Margaret C. Bartley.

---

Decided: July 18, 2023

---

THOMAS JOHN KNIFFEN, I, Law Office of Thomas J. Kniffen, Vestal, NY, for claimant-appellant.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Stanley Valentine appeals the final decision of the United States Court of Appeals for Veterans Claims denying a rating higher than 10 percent for disability of his right long finger. Because he fails to raise arguments within the jurisdiction of our court, we dismiss for lack of jurisdiction.

I

Mr. Valentine served in the United States Marine Corps from December 1974 to December 1978 and in the United States Army from April 1979 to January 1988. In 1989, a VA regional office (RO) awarded Mr. Valentine service connection for cellulitis of the right hand and assigned a 10 percent disability rating. In 1994, Mr. Valentine sought an increased rating, which was denied by the RO that same year and later by the Board in 1997. In November 2008, he again applied for an increased rating, but the RO denied a rating higher than 10 percent. He then filed a notice of disagreement with the RO's decision. In August 2015, the Board remanded the claim for further factual development, including a VA examination. After reviewing the VA examination records, the Board denied his request for a higher rating.

Mr. Valentine appealed to the Veterans Court, and in February 2019 the parties submitted a joint motion for partial remand of the Board's decision. The parties agreed that the Board erred by failing to address evidence indicating that Mr. Valentine experienced "functional impact from pain" on his right long finger. In August 2019, the Board remanded the claim for a new VA examination.

Mr. Valentine underwent additional VA examinations in December 2019 and September 2020, and he was diagnosed with degenerative arthritis and degenerative changes of the metacarpophalangeal joint with limitation of motion in his right long finger. While both examiners acknowledged that he experienced functional limitation in his right long finger, they concluded that "[his] functional impairment was not so diminished that no effective function remains other than [what] would be equally well served by an amputation with prothesis." J.A. 3.

In December 2020, the Board denied a rating higher than 10 percent for his right long finger disability. The Board rated his disability under Diagnostic Code (DC) 5010-5229 (post-traumatic arthritis; limitation of motion of the index or long finger). The Board considered evaluations under other DCs, including DC 5154 (amputation of the long finger), but determined that none satisfied the criteria for an evaluation higher than 10 percent. The Board concluded that "as demonstrated by the probative evidence of record, including medical and lay evidence of record, [Mr. Valentine] retains right long finger mobility and there is no evidence of functional impairment *comparable to amputation*." J.A. 13 (emphasis added).

Mr. Valentine appealed to the Veterans Court, primarily arguing that the Board erred by adding a *comparable to amputation* criteria to DC 5154. He contended that he was prejudiced by the Board's assessment of his right finger disability under the "comparable to amputation" criteria in the first instance without remand to the RO. The Veterans Court affirmed the Board's denial of a higher rating, rejecting his contention that "the Board's assessment of the veteran's right long finger symptoms under the DC 5154 criteria, an assessment facilitated by the terms 'comparable to,' constituted an unsupported medical conclusion or otherwise modified the rating schedule." J.A. 6. The Veterans Court concluded that he "failed to demonstrate that the Board committed prejudicial error in denying an increased

evaluation." J.A. 4–5 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

Mr. Valentine appeals.

## II

We review de novo the Veterans Court's interpretation of law. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998). Unless an appeal from the Veterans Court decision presents a constitutional issue, this Court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(A)–(B).

## III

Section 7261(b)(2) requires the Veterans Court to "take due account of the rule of prejudicial error." Mr. Valentine argues that the Veterans Court misinterpreted 38 U.S.C. § 7261(b)(2) when it concluded that the Board did not commit prejudicial error in denying an increased rating. But Mr. Valentine does not explain how the Veterans Court misinterpreted § 7261(b)(2). Instead, he argues that the Veterans Court erred as a matter of law merely by not finding prejudicial error in the Board's decision. He does not allege that the Veterans Court relied on an incorrect legal standard for assessing prejudicial error, nor does he present any argument on what the correct interpretation of § 7261(b)(2) should be.

Mr. Valentine argues that the Board committed prejudicial error by evaluating his disability under newly added criteria, "comparable to amputation," in the first instance without remand to the RO. Under his reasoning, the Veterans Court failed to take due account of the Board's prejudicial error under § 7261(b)(2) when it held that the words "comparable to amputation" did not modify the rating schedule. That argument does not challenge a legal interpretation, though, but rather the application of the

prejudicial error rule to the facts of this case. Thus, we lack jurisdiction.

The rating schedule explicitly permits the Board to rate disabilities by analogy by selecting a DC for a closely related disease, injury, or residual condition. 38 C.F.R. § 4.20. When the Board stated that Mr. Valentine did not have "functional impairment comparable to amputation," J.A. 13, the Board did not modify DC 5154 criteria. Rather, it made a factual determination that his disability does not qualify for a rating under DC 5154 by analogy because "[his] functional impairment was not so diminished that no effective function remained other than what would be equally well served by an amputation with prothesis." J.A. 3. Since his right long finger is not amputated, rating by analogy was the only way the Board could assess the applicability of DC 5154 to his case. Based on its review of Mr. Valentine's medical history and reports, the Board found, and the Veterans Court affirmed, that his disability does not qualify for a rating under DC 5154 because "the evidence does not show amputation of [his] right long finger or its functional equivalent." J.A. 6. We lack jurisdiction to review those determinations.

Nor can we review the Board's alleged failure here to remand his claim to the RO because he provides no basis for finding that he was entitled to remand as a matter of law. Mr. Valentine cites 38 C.F.R. § 20.904 as the sole authority for his contention that the Board was legally obligated to remand his claim to the RO. Section 20.904 requires the Board to remand the case to the RO only when "further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision." 38 C.F.R. § 20.904(a). He does not explain why § 20.904 requires the Board to remand to the RO in his case; nor point to any missing evidence or action that was "essential for a proper appellate decision." And so, he raises no legal issue regarding § 20.904 within our jurisdiction to decide.

VALENTINE v. MCDONOUGH

Here, the Veterans Court "carefully reviewed the record evidence," including the degree of functional impairment of Mr. Valentine's right long finger, but was "not persuaded that the Board failed to consider any relevant provisions of law or regulation." J.A. 6. Because we find none of Mr. Valentine's arguments raise a legal issue within our jurisdiction, we dismiss for lack of jurisdiction.

IV

Because we lack jurisdiction to consider the arguments raised on appeal, we dismiss.

**DISMISSED**

COSTS

No costs.